## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

IN RE:
CARMEN SOCORRO RIVERA

DEBTOR

CASE NO. 18-06035-BKT/O

CHAPTER 13

### OPPOSITION TO MOTION REQUESTING LEAVE TO FILE LATE CLAIM FILED BY JOSE MENDEZ ALBARRAN AND OLGA CIRA FONTAN

**TO THE HONORABLE COURT:**

**COMES NOW** Debtor, represented by Legal Partners, PSC., and through the undersigned attorney respectfully represents and prays as follows:

### INTRODUCTION

1. On February 8, 2019, Jose Mendez Albarran And Olga Cira Fontan La Santa, hereinafter "Mendez Albarran" filed a motion titled "Motion Requesting Leave To File Late Claim", hereinafter the motion, see Docket No. 31.

2. On February 21, 2018, at Docket No. 37, we requested an extension of time. The extension was granted at Docket No. 38.

3. On March 25, 2019, at Docket No. 46, Debtor requested an extension of time, to allow settlement discussions to conclude. The extension was granted at Docket No. 47.

4. Yesterday, April 23, 2019, we were informed by sister counsel, Madeline Llovet Otero, that no settlement possibility exists at this time, within the discussed terms. Accordingly, there is no immediate settlement possibility.

5. Accordingly, we hereby oppose the motion filed by Mendez Albarran at Docket No. 31, as the remedy sought, that is to allow the filing of a late file and/or to extend the term to file it, is unavailable under law.

**FACTUAL BACKGROUND**

6. The Debtor filed this bankruptcy petition on October 16, 2018. Docket No. 1.

7. The deadline for creditor filing proof of claims was set to December 26, 2018. Docket No. 4.

8. On January 31, 2019, Mendez Albarran appeared represented by counsel. Docket No. 26.

9. On February 8, 2019, Mendez Albarran filed a motion requesting leave to file a late claim. Docket No. 31

10. The motion requests that Mendez Albarran be allowed to file a claim after the deadline set for December 26, 2018. In support, the motions at ¶3 alleges that *"Creditor is a person not familiar with the bankruptcy proceedings and failed to file the corresponding proof of claims as he was unaware of the bar dates."*

11. Even though Mendez Albarran is not an institutional creditor, is not a neophyte either. To say that is not familiar with bankruptcy proceedings, is not excusable neglect. At the same time, we find the argument misleading, as Mendez Albarran appeared in the case of In re Reyes Irizarry, 99-05820, Docket No. 8.

12. Notwithstanding, the remedy sought by Mendez Albarran, is unavailable, and this Honorable Court is left with no authority to provide any relief. Mendez Albarran cites

2

Bankruptcy Rule 9006(b)(1)[1] in support of their request, but fail to realize that said remedy is limited by 9006(b)(3)[2] and only in the enumerated circumstances provided in 3002(c).

13. Bankruptcy Rule 9006(b)(1), cited by Mendez Albarran, begins with: *"[E]xcept as provided in paragraphs (2) and (3) of this subdivision, …"*. The exemption in paragraph three (3) squarely fits to the facts before the Court, because the enlargement is controlled by 3002(c), one of the exemptions found in 9006(b)(3).

14. Under Bankruptcy Rule 9006(b)(3), this Honorable Court can grant an extension of a non-governmental creditor's deadline to file a proof of claim *"only to the extent and under the conditions stated in"* Bankruptcy Rule 3002(c) itself. Bankruptcy Rule 3002(c) provides seven enumerated exceptions to the timely filing of a proof of claim, and none is present in this case.

15. Mendez Albarran, only argues that *"Creditor is a person not familiar with the bankruptcy proceedings and failed to file the corresponding proof of claims as he was*

---

[1] (b) Enlargement.

(1) In General. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

[2] (3) Enlargement Governed By Other Rules. The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), **3002(c)**, 4003(b), 4004(a), 4007(c), 4008(a), 8002, and 9033, **only to the extent and under the conditions stated in those rules.** In addition, the court may enlarge the time to file the statement required under Rule 1007(b)(7), and to file schedules and statements in a small business case under §1116(3) of the Code, only to the extent and under the conditions stated in Rule 1007(c). **Bold supplied.**

3

*unaware of the bar dates."* We cannot equate excusable neglect to failing to read the notice or failing to know the law. Even if the Court were to find that lack of knowledge is excusable neglect, Mendez Albarran to begin with would have to show that they are *"an infant or incompetent"* as required by 3000(c)(2)[3].

16. Mendez Albarran has not even alleged facts that would permit the Court to even consider the relief sought. As recently explained by In re Heyden, 570 B.R. 489, 492–93 (Bankr. W.D. Pa. 2017):

> Thus, under Rule 9006(b)(3), bankruptcy courts are not permitted to authorize an untimely claim filing in Chapter 7 or 13 on the basis of the excusable neglect standard of Rule 9006(b)(1). That is what the Official Advisory Committee Notes to the Rule state, and there are numerous cases so holding. See, e.g., In re Townsville, 268 B.R. 95, 105 (Bankr. E.D. Pa. 2001), In re Gardenhire, 209 F.3d 1145, 1152 (9th Cir. 2000), In re Egan, 526 B.R. 111 (Bankr. S.D.N.Y. 2015), In re Voccola, 234 B.R. 239 (Bankr. D. R.I. 1999). See also, Lundin, Chapter 13 Bankruptcy, 4th Ed. at § 282.1, footnote 15 (citing cases). Many of those same cases also go on to say that a bankruptcy court lacks the power to enlarge the time for filing claims in Chapter 13 cases on any equitable basis.

17. Mendez Albarran is not entitled to the remedy sought. Accordingly, their motion to be allowed to file an untimely proof of claim should be denied.

**WHEREFORE** Debtor prays from this Honorable Court to deny Jose Mendez Albarran And Olga Cira Fontan La Santa's motion.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification, upon information and belief, of such filing to: Monsita Lecaroz Arribas, Esq., U.S. Trustee's Office, and Madeleine Llovet Otero, Esq., attorney for Mendez Albarrán, in addition to any and all parties registered in this case to receive CM/ECF Notices. We will serve by regular mail this document to any the above-named persons, upon knowing that they are non CM/ECF participants.

**RESPECTFULLY SUBMITTED.**

In Carolina, Puerto Rico, April 24, 2019

---

[3] (2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

4

**LEGAL PARTNERS, P.S.C.**
Box 316, Señorial Station
San Juan, P.R. 00926-6023
Telephone: (787) 791-1818
Fax: (787) 791-4260

*/s/Juan M. Suárez Cobo*
**JUAN M. SUÁREZ COBO**
USDCPR 211010
suarezcobo@gmail.com

5