IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| IN RE: | CASE NO 18-06035 BKT |
|---|---|
| **CARMEN SOCORRO RIVERA** | |
| | CH 13 |
| DEBTOR | |

**OPPOSITION TO MOTION TO AVOID LIEN FILED BY DEBTOR**
**( Docket entry #34)**

**TO THE HONORABLE COURT:**

    **COMES NOW,** secured creditor **JOSE MENDEZ ALBARRAN AND OLGA CIRA FONTAN LA SANTA,** from now on JOSE MENDEZ ALBARRAN through the undersigned attorney and very respectfully alleges, states and prays as follows:

1)    The Motion to Avoid Lien should not be granted as the facts of this case should prevent the requested remedy. Debtor's request would be extremely unjust and would cause more harm to this secured creditor.

**RELEVANT FACTS**

1)  **On February 7, 2008**, the property located at Villa Fontana 4VN-2 Via 40 Carolina, PR 00983, was subject to a public sale pursuant the execution order of the court. Case Num. FCD2002-0810(407) Doral Financial Corporation now Doral Bank vs. Jose A Rivera Figueroa aka Jose Antonio Rivera Figueroa and Nelida Guzman de Rivera, aka Nelida Guzman Montalvo. Mrs Nelida Guzman died in March 16, 2007 and Mr. Jose Antonio Rivera died on January 14, 2008. See copy of the public sale notice identified as **Exhibit A**.

2)  Mr. Jose Mendez Albarran was about to appear at the public sale to buy the said property, nevertheless, a realtor convinced him to pay off the debt

1

with Doral directly and then grant Mrs. Carmen Socorro Rivera and her brothers the opportunity to pay him back the claim of **$48,986.64**.

3) Secured creditor Mendez Albarran considered the stressful times Mrs Carmen Socorro Rivera was going as she informed him that she just lost another property and now this one.

4) **On February 6, 2008** Mr. Jose Mendez Alabarran paid to Doral Bank the complete amount owed by Debtor's parents to Doral in the amount of $48,496.64. In return, Doral delivered and endorsed to Jose Mendez Albarran, the mortgage note in the amount of $25,000.00, bearing annual interests at 10 ½ %. See copy of Manager's check #1161388 dated February 6, 2008, identified as **Exhibit B.**

5) Since that date of February 7, 2008, Debtor indicated that she was going to pay the debt along with her two brothers. She was very thankful for Mr.Mendez' action to save their home.

6) During the following months, Debtor did not commence the inheritance proceedings necessary to put the property under the now legal owners names, Mrs Carmen Socorro Rivera and her two brothers. Once again, Mr Jose Mendez Albarran decided to commence the proceedings and paid all the legal fees for these proceedings.

7) On **July 6, 2011**, the corresponding Instances (Instancias) for the Registry of the Property were finished. And on **July 8, 2011** presented at the Registry of the Property and being inscribed on **February 13, 2012** at Inscription 4th, page 177 of Volume 1017( Mr. Nelida Guzman de Rivera) and Inscription 5th, page 177, Volume 1017 (Mr. Jose A Rivera) Registry of the Property of Carolina, First Section.

8) On **January 31, 2011** Mr. Jose Mendez Albarran filed a collection of monies case in state court, Case Num FCD 2011-0161(406) First Instance Court Superior Court of Carolina. Judgment in favor of plaintiffs Mr. Jose Mendez Albarran and his wife, in the amount of $48,000.00 plus interest, was entered on **September 12, 2016**. That is more than five (5) years from the filing of the complaint and eight (8) years from the payment to Doral in the amount of $48,986.64.

9) On **December 5th, 2017** the judgment by Mr. Jose Mendez was duly recorded at the Registry of the Property. At 2017-108869-CR01. Letter A .

10) On **January 16, 2018** the Order directed to the Registrar of the Property for the garnishment of the property and the writ of execution was duly registered pursuant marginal note A.1.

11) On **July 23, 2018** Debtor filed a complaint suing her 2 brothers requesting the Inheritance partition and remedy to prepare a Homestead deed in accordance to law.

12) On **October 16, 2018** at 10:30 am the public sale of the property was scheduled at the Marshalls office. The only presents were Mr. Jose Mendez Albarran and attorney for debtor, Rosnely Plaza Acevedo, Esq and not being any other person present, the Marshall, Samuel Gonzalez Isaac, of the Public Sales Division, for the Superior Court of Carolina proceeded to adjudicate the property in favor of the Plaintiff, Jose Mendez Albarran. See copy of the Act of Auction identified as Exhibit C

13) On that same date, October 16, 2018 at 11:41 am Debtor filed a pro-se voluntary petition.

14) During all this past decade, Debtor nor her brothers have made any intent to pay back the pay-off of the mortgage note in the amount of $48,000.00. Debtor has lived the property for free for more than 10 years.

## AVOIDANCE OF LIEN

1) Debtor filed a Motion to Avoid Lien pursuant section 522(f)(1)(A) of the 11 U.S.C. alleging that the recorded judicial lien in favor of Jose Mendez Albarran and his wife Olga Cira Fontan, in the amount of $48,000.00 impairs 100% the homestead exemption claimed in the residential property which is now final and should be avoided.

1) Section 522(f)(1) states in relevant part: The debtor may avoid the fixing of a lien; on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is- (1) a judicial lien.

11 U.S.C. Sec 522(f)(1) Thus, under the statute, a debtor may avoid the fixing of a lien if three requirements are met: (1) there was a fixing of a lien on interest of the debtor in property; (2) the lien impairs an exemption to which the debtor would have been entitled; and (3) the lien is a judicial lien. See Culver, LLc v Chiu 304 F.3d 905, 908 (9th Cir. 2002)

In the instant case, requirement one (1) is the only one that Debtor complies and as to requirement two (2) and (3) it does not.

As to the issue of the impairment of the homestead exemption, Debtor prepared a Homestead deed on December 10, 2011. Debtor appeared as the sole owner of the property and to our information and belief did not informed the Notary Public that there were other co owners, to wit, her brothers. The Deed was prepared only to Debtor and this deed apparently was not accepted in the Registry of the Property, as the content did not comply with Puerto Rico Homestead Law, because lack the consent of the other co owners. This is still the present state of law with Puerto Rico Homestead Act.

Notwithstanding, the same deed was presented at the 341 meeting creditors and the presiding officer stated it would not object the same. At said time, November 2018, the case of Cruz M Mendez Garcia v. Rushmore Loan Management Services Civil No. 17-2345(ADC) US District Court for the District of Puerto Rico, dated September 27, 2018 was bringing the issue of lack of track in the Registry of the

Property ( Purchase sale deed was not recorded but mortgage deed was duly presented) and as such the Homestead Deed was not required to be recorded. Also, creditor would have a second chance to challenge the homestead exemption, even if the time for challenging the same has elapsed.

The facts in the case of Cruz Mendez differ from the ones in this case. The Puerto Rico Homestead Exemption Law enacted on 2011 and amended on 2012 and 2018 still has certain requisites that need to be complied when the property is duly registered as is in this case. And the Instances for recording the legal owners of this property (Debtor and her two (2) brothers), at the Registry of the Property were duly presented on July 8, 2011. Deed dated December 10, 2011, did not comply with PR Homestead Law requirements.

Section 522(f)(2)(A) states:

"**(2) (A)**For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—**(i)** the lien, **(ii)** all other liens on the property; and **(iii)** the amount of the exemption that the debtor could claim, if there were no liens in the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

**(B)** In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.

**(C)** This paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure."

The circumstances in this case, duly demonstrate that the nature of the claim of secured creditor Jose Mendez Albarran is a claim arising out of a mortgage foreclosure. Mr Mendez is the holder in due course of the two mortgage notes issued by Doral Mortgage. On February 6 2008, he paid off the mortgage note in the amount of $48,986.64 and saved Debtor from the execution and public sale of the property which was going to be on February 7, 2008. Mr. Mendez Albarran has duly exercised his creditor rights upon the noncompliance of Debtor and her brothers. The lien in the

5

amount of $48,000.00 and duly annotated at the Registry of the Property is the security on Debtor's property of the mortgage payment Mr. Mendez Albarran made in 2008.

Debtor has been living the property without making any payment to Mr. Mendez Albarran. This actions obviously has been an unjust enrichment for debtor.

The unique circumstances in this case demonstrate that the Motion to Avoid Lien filed by Debtor should be denied in its entirety. Also, the discretionary powers of this Honorable Court are invoked and should be fairly exercised in this case. This would prevent a clearly unjust and unfair treatment to this secured creditor, as otherwise an unjust enrichment would be granted to Debtor.

Secured creditor Jose Mendez Albarran reserves the right to present any other defenses and allegations.

**WHEREFORE,** In view of the above stated circumstances, it is very respectfully requested from this Honorable Court to DENY the motion to avoid lien filed by debtor.

As to the Exhibits in Spanish language submitted herein, creditor request this Honorable Court a leave to file the corresponding translation in accordance to Rule 9070-1 within the next 21 days.

**CERTIFICATE OF SERVICE**: I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification to the following: US Trustee's Office, **Monsita Lecaroz Arribas Esq.**, the Chapter 13 Trustee, **Alejandro Oliveras Rivera Esq.,** Debtor's legal representation, Legal Partners, P.S.C. Box 316 Señorial Station, San Juan PR 00926-6013, c/o **Juan M Suarez Cobo, Esq**. and I hereby certify that I have mailed by First Class Mail copy of this motion to **Carmen Socorro Rivera**, Debtor, Urb Villa Fontana, 4VN-2 Via 40, Carolina, PR 00983, and to all creditors and parties in interest as per master address list.

RESPECTULLY SUBMITTED.

In San Juan Puerto Rico, this 3rd day of June of 2019

/s/ *MADELEINE LLOVET OTERO*
**MADELEINE LLOVET OTERO, ESQ.**
ATTORNEY FOR CREDITOR
**JOSE MENDEZ ALBARRAN**
USDC-PR 203907
PO BOX 9020574
SAN JUAN, PR 00902
TEL.(787)399-5804
mllovlaw@yahoo.com

11F4-30039450
Lcda. Díaz

**ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE CAROLINA**

| | |
|---|---|
| DORAL FINANCIAL CORPORATION antes, ahora DORAL BANK<br><br>Demandante<br><br>v.<br><br>JOSE A. RIVERA FIGUEROA, tambien conocido como JOSE ANTONIO RIVERA FIGUEROA, NELIDAD GUZMAN DE RIVERA, tambien conocida como NELIDA GUZMAN MONTALVO, Y LA SOCIEDAD DE GANANCIALES COMPUESTA POR AMBOS<br><br>Demandados | CIVIL NÚM: FCD2002-0810 (407)<br><br>SOBRE:<br><br>EJECUCIÓN DE HIPOTECA<br>(VÍA ORDINARIA) |

ESTADOS UNIDOS DE AMERICA
EL PRESIDENTE DE LOS EE.UU       SS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

**EDICTO ANUNCIANDO PRIMERA Y SEGUNDA SUBASTA**

El Alguacil que suscribe, Funcionario del Tribunal de Primera Instancia de Puerto Rico, por la presente ANUNCIA y hace saber al público en general que en cumplimiento de la Sentencia dictada el día 16 de agosto de 2002, procederé a vender en subasta, al mejor postor y por dinero en efectivo o cheque certificado todo título, derecho o interés de la parte demandada nombrada en el epígrafe, sobre la propiedad que más adelante se describe.

Se ANUNCIA por medio de este EDICTO que la PRIMERA SUBASTA habrá de celebrarse el día 7 de Febrero de 2008, a las 11:00 de la AM en mi oficina, sita en el local que ocupa el Tribunal de Primera Instancia de Puerto Rico, **SALA DE CAROLINA.** Siendo esta la PRIMERA SUBASTA que se celebra en este caso, el tipo mínimo aceptable como oferta en la PRIMERA SUBASTA será el tipo mínimo pactado en la escritura de Constitución de Hipoteca, o sea, la suma de $25,000.00.

De no haber remate o adjudicación en esta PRIMERA SUBASTA se celebrará una SEGUNDA SUBASTA el día 14 de Febrero de 2008, a las 2:00 de la p.m. en la cual el tipo mínimo aceptable como oferta será dos terceras partes del tipo mínimo pactado en la escritura de Constitución de Hipoteca, o sea, la suma total de $16,666.67. Esta SEGUNDA SUBASTA habrá

EXHIBIT A

de celebrarse en mi oficina, sita en el local que ocupa el Tribunal de Primera Instancia de Puerto Rico, **SALA DE CAROLINA**.

La propiedad a ser vendida en subasta es la que se describe a continuación y para la cual se dan sus datos registrales:

---"URBANA: Solar radicado en la URBANIZACION VILLA FONTANA situada en el Barrio Sabana Abajo del termino municipal de Carolina, Puerto Rico, marcado con el número DOS de la manzana CUATRO VN, con un area de TRESCIENTOS PUNTO CERO SIETE METROS CUADRADOS. En lindes por el NORTE, en veintiuno punto seiscientos cincuenta metros, con el solar número Tres; por el SUR, en veintiuno punto seiscientos cincuenta metros con el solar número Cinco; y por el OESTE, en trece punto ochocientos sesenta metros con la calle número Trescientos Veinte. Enclava una casa."

Inscrita en el tomo de hoja móvil 891 de Carolina, finca #12,162, inscripción 3ra., del Registro de la Propiedad de Carolina, Sección I.

DIRECCION:   URB. VILLA FONTANA
             4VN-2 VIA 40
             CAROLINA, PUERTO RICO

Surge del Estudio de Título efectuado en el caso de epígrafe que sobre la finca descrita anteriormente, pesa un gravamen preferente consistente en una PRIMERA HIPOTECA, en garantía de un pagaré a favor de INTERNATIONAL CHARTER MORTGAGE CORPORATION, o a su orden, por la suma principal de $19,000.00, con intereses al 7 ½ % anual, vence el 1 de junio de 1999, según consta de la escritura #327, otorgada en San Juan, Puerto Rico, el día 27 de mayo de 1969, ante el Notario Público Ángel R. de Corral Julia, inscrita al folio 6 del tomo 321 de Carolina, finca #12162, inscripción 1ª., del Registro de la Propiedad de Carolina, Sección I.

Se advierte que este crédito continuará subsistente al crédito que se ejecuta en el caso de epígrafe y mediante esta subasta. Asimismo, se advierte que el remanente en subasta quedará subrogado en la responsabilidad del pago del mismo y el precio que se obtenga en la Subasta, o sea, el precio de remate, no se destinará a la extinción del mismo.

Con el importe de esta venta se habrá de satisfacer la Sentencia antes mencionada por la suma principal de $24,766.56 más intereses sobre dicha suma al tipo del 10.5% anual, desde el día 1 de agosto de 2001, hasta su total y completo pago, más la suma estipulada de $2,500.00 para costas, gastos y honorarios de abogado, más cualesquiera otras sumas que aparezcan de la faz del contrato.

Los autos y todos los documentos correspondientes a este procedimiento están de manifiesto en la Secretaría de este Tribunal durante los días y horas laborables, por lo que los interesados pueden referirse al expediente allí archivado, bajo el civil número que aparece en el epígrafe de este Edicto Anunciando Primera y Segunda Subasta.

EN TESTIMONIO DE LO CUAL, expido el presente, que firmo y sello, en CAROLINA, Puerto Rico, hoy día 27 de noviembre de 2007.

*[firma]* ALGUACIL



MANAGER'S CHECK  1161388

101-7286/2215

DATE February 6, 2008

PURCHASER R-G PREMIER BANK
COMPRA DE PROPIEDAD

$48,496.64

PAY FORTY-EIGHT THOUSAND FOUR HUNDRED NINETY-SIX AND 64/100

TO THE ORDER OF  R-G MORTGAGE

CUSTOMER COPY

EXHIBIT B

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE CAROLINA

| JOSE A. MENDEZ ALBARRAN<br><br>Parte Demandante<br><br>Vs.<br><br>CARMEN S. RIVERA GUZMAN<br><br>Parte Demandada | CIVIL NUM.: F CD2011-0161<br><br>SALA: (406)<br><br>SOBRE:<br><br>COBRO DE DINERO |
|---|---|

ACTA DE SUBASTA

Yo, SAMUEL GONZALEZ ISAAC, Alguacil, División de Subastas del Tribunal de Primera Instancia, Sala de Carolina, Puerto Rico.

CERTIFICO:

Que en cumplimiento de un mandamiento que me fue librado en este caso para hacer efectiva la Sentencia dictada y vender en pública subasta la finca que a continuación se describe bajo las cantidades que me fueron transmitidas en el Mandamiento librado en este caso, por el Secretario del Tribunal de Primera Instancia, Sala Superior de Carolina, en ejecución de sentencia y por la cantidad de $48,000.00 y con sus bienes personales, al interés legal prevaleciente y reclamados en la demanda conforme la sentencia de 12 de septiembre de 2016, procedí a anunciar que vendería en pública subasta en la oficina que ocupo localizada en el edificio del Tribunal de Primera Instancia, Sala Superior de Carolina, comenzando a las diez y treinta (10:30) de la mañana del día 16 de octubre de 2018, la participación de los demandados en la propiedad que más adelante se describe por el monto total de las sumas adeudadas y a base de los precios mínimos de remate correspondientes siendo la propiedad a subastarse la siguiente:

DESCRIPCIÓN:

-----URBANA: Solar radicado en la Urbanización Villa Fontana situado en el Barrio Sabana Abajo del término municipal de Carolina, P.R., marcado con el #2 de la manzana 4VN, con un área de 300.07 metros cuadrados. En lindes por el NORTE, en 21.650 metros con el solar #3; por el SUR, en 21.650 metros con el solar #1; por el ESTE, en 13.860 metros con el solar #5; y por el OESTE, en 13.860 metros con la calle #320. ----------------------

---Inscrita en el tomo de hoja móvil ochocientos noventa y uno (891) de Carolina, finca número doce mil ciento sesenta y dos (12.162), inscripción tercera de la Sección I de Registro de la Propiedad de Carolina. --------------

EXHIBIT C

Que dicho anuncio se efectuó mediante la fijación de edictos por espacio de veinte (20) días en varios sitios públicos a saber en el tablón de edictos ubicado en los pasillos del Tribunal de Primera Instancia de Puerto Rico, Sala de Carolina, en el tablón de edictos ubicado en el edificio que ocupa la Oficina de la Colecturía de Rentas Internas de Carolina, en Tablón de Edictos de la Alcaldía de Carolina, respectivamente, y en un periódico de circulación general. Dichos edictos mencionaban expresamente a las partes en el pleito:

<u>José A. Méndez Albarrán,</u> demandante vs. <u>Carmen Socorro Rivera Guzmán,</u> demandada.

Llegada la hora señalada para el remate en el sitio anunciado, en voz alta y dando lectura en igual forma del edicto publicado quedó abierta la primera subasta estando presente únicamente el Sr. José A. Méndez Albarrán, demandante y la Lcda. Rosnely Plaza Acevedo, en representación de la co-demandada Carmen Socorro Rivera Guzmán. No hubo comparecencia de ninguna otra persona por lo que una vez abierta la subasta y ante la ausencia de otras ofertas, se procedió a adjudicar la buena pro por el tipo mínimo de remate para esta primera subasta, esto es $48,000.00, a favor de la parte demandante, José A. Méndez Albarrán, como abono y descuento de la sentencia dictada el 12 de septiembre de 2016, incluyendo asumir voluntariamente cualquier carga o gravamen que afecte la propiedad.

**Y PARA QUE ASI CONSTE** firmo la presente en Carolina, Puerto Rico, a 25 de Octubre de 2018.

**CERTIFICO** que entregué copia de esta Acta a todas las partes interesadas.

SAMUEL GONZÁLEZ ISAAC
ALGUACIL
DIVISIÓN DE SUBASTAS
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE CAROLINA

-2-