## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

IN RE:                                          CASE NO 18-06035 BKT

CARMEN SOCORRO RIVERA GUZMAN

                                                CH 13

DEBTOR

## MOTION REQUESTING RECONSIDERATION TO ALTER OR AMEND ORDER DATED MAY 15, 2019 DOCKET ENTRY # 58

**TO THE HONORABLE COURT:**

**COMES NOW** Secured creditor, Jose a Mendez Albarran and wife through the undersigned attorney and very respectfully states and prays as follows:

1.      This Honorable Court entered an order granting Debtor's opposition to creditors' Jose Mendez Albarran motion for leave to file late claim.  See Docket entry # 58.

2.      Creditor requests the reconsideration to alter or amend the order dated May 15, 2019 for the following reasons:

a) Mr. Jose Mendez Albarran, secured creditor herein is a normal citizen and a person who is not an expert in the Bankruptcy Law. It must be taken into consideration that the Bankruptcy Law has changed significantly during the last 20 years. specifically  the proceedings.

b) Debtor basically states that creditor does not have any remedy under the law and that he is not a neophyte as back in 1999 he was a party in a Bankruptcy case.  It is totally unreasonable to assume and or conclude that this past participation made Mr Mendez an expert in Bankruptcy in 2018, and considering he is a simple person and not a lawyer.

c) In the instant case, creditor alleged excusable neglect as this person does not know the English language and was unaware of the bar date.  Not that he failed to read the notice as stated by Debtor.  Those are too different things.  It is well known that the notice sent by the court is quite complicated for the general public and specifically

1

for those who does not understand English.

d)   Debtor's reasoning goes to the extreme stating that Mr. Mendez Albarran would have to show that he is an infant or incompetent as required by Rulle3000(c )(2) and that the lack of knowledge is not excusable neglect.

e)   Late claim filings is still an issue which has had different opinions in the courts, and although the case cited by Debtor, In re Heyden, 570 B.R.489,492-93 (Bankr. W.D. Pa. 2017) states the court lacks the power to enlarge the time for filing claims, there are other courts which understand the Court still and always will have the power to exercise their equitable powers to make justice.   After all, that is the main purpose of the equitable powers of the court.

f)   The Court should note that the amended to Rule 3002(a) effective on December 1, 2017 requiring that secured claims holders must also file a claim changed completely the proceedings regarding the filing of claims.   Many secured creditors including big and prestigious banks have had to pass the learning curve of the new rule during all this past year of 2018.   So, to pretend that a simple citizen, who does not understand English and is not knowable of the complex Bankruptcy Law and Rules would be deprived of his right to participate in this proceeding.

g)   This Honorable Court should consider when applying the equitable powers, all the circumstances in the filing of this petition, as the original intention of Debtor was to pay Mr. Jose Mendez Albarran the amount owed to him in lieu of having paid in full the mortgage to Doral Mortgage in the amount of $48,496.64 and having Doral handled him the mortgage notes.   Please note that Mr Jose Mendez Albarran is the only secured creditor in the instant case in the amount of $48,000.00 plus legal interest. Please refer to Schedule D.

h)   The only two unsecured claims who filed in this case total the amount of $1,760.31. See Claims Docket attached herein and identified as Exhibit I.

I)   The allowance of the filing of the claim by secured creditor would be a just and reasonable decision based on the equitable powers of this Court that would prevent the continuous and unfair treatment in this case for more than 10 years.

j)   Debtor's attorney fees as of May 8,2019 total the amount of $5,210.00 plus expenses.

k)  The Court should note also that there is pending the Motion to Avoid Lien and its reply.

**WHEREFORE,** It is very respectfully requests from this Honorable Court and based on its equitable powers  to reconsider the order dated May 15, 2019 and thus to enter an order altering or vacating said order and to permit secured creditor Jose Mendez Albarran to file a Proof of claim in order to prevent further unjust treatment and damages to this creditor and mainly to prevent an unjust enrichment to this Debtor who has the capacity of paying this claim pursuant the schedules filed.

Respectfully submitted.

In San Juan, Puerto Rico, this 16th  day of June of 2019.

**CERTIFICATE OF SERVICE**: I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification to the following: US Trustee's Office, **Monsita Lecaroz Arribas Esq.**, the Chapter 13 Trustee, **Alejandro Oliveras Rivera Esq.,** Debtor's legal representation, Legal Partners, P.S.C. Box 316 Señorial Station, San Juan PR 00926-6013, c/o **Juan M Suarez Cobo, Esq**.  and I  hereby certify that I have mailed by First Class Mail copy of this motion to **Carmen Socorro Rivera**, Debtor, Urb Villa Fontana, 4VN-2 Via 40, Carolina, PR 00983, and to all creditors and parties in interest as per master address list.

*/s/ MADELEINE LLOVET OTERO*
**MADELEINE LLOVET OTERO, ESQ**.
ATTORNEY FOR SECURED CREDITOR
JOSE MENDEZ ALBARRAN
USDC-PR 203907
PO BOX 9020574
SAN JUAN, PR  00902
TELS.(787)399-5804
mllovlaw@yahoo.com

3

# District of Puerto Rico
# Claims Register

### 18-06035-BKT13 CARMEN SOCORRO RIVERA

**Bankruptcy Judge:** BRIAN K. TESTER     **Chapter:** 13

**Office:** Old San Juan     **Last Date to file claims:**

**Trustee:** ALEJANDRO OLIVERAS RIVERA     **Last Date to file (Govt):** 04/15/2019

| Creditor: (4647269) BANCO POPULAR DE PUERTO RICO BANKRUPTCY DEPARTMENT PO BOX 366818 SAN JUAN PR 00936-6818 | Claim No: 1 Original Filed Date: 10/26/2018 Original Entered Date: 10/26/2018 | Status: Filed by: CR Entered by: IRIS M CORREA CRUZ Modified: |
|---|---|---|

Amount claimed: $163.45

| History: | | | |
|---|---|---|---|
| Details | 1-1 | 10/26/2018 | Claim #1 filed by BANCO POPULAR DE PUERTO RICO, Amount claimed: $163.45 (CORREA CRUZ, IRIS) |

Description: (1-1) ACCESO POPULAR CK 0012

Remarks:

| Creditor: (4647269) BANCO POPULAR DE PUERTO RICO BANKRUPTCY DEPARTMENT PO BOX 366818 SAN JUAN PR 00936-6818 | Claim No: 2 Original Filed Date: 10/26/2018 Original Entered Date: 10/26/2018 | Status: Filed by: CR Entered by: IRIS M CORREA CRUZ Modified: |
|---|---|---|

Amount claimed: $1,596.86

| History: | | | |
|---|---|---|---|
| Details | 2-1 | 10/26/2018 | Claim #2 filed by BANCO POPULAR DE PUERTO RICO, Amount claimed: $1596.86 (CORREA CRUZ, IRIS) |

Description: (2-1) PERSONAL LOAN 0001

Remarks:

## Claims Register Summary

**Case Name:** CARMEN SOCORRO RIVERA
**Case Number:** 18-06035-BKT13
**Chapter:** 13

**Total Number Of Claims:** 2

| | |
|---|---|
| **Total Amount Claimed*** | $1,760.31 |
| **Total Amount Allowed*** | |

*Includes general unsecured claims

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

| | Claimed | Allowed |
|---|---|---|
| **Secured** | | |
| **Priority** | | |
| **Administrative** | | |
| **Unassigned (unsecured)** | $1,760.31 | $0.00 |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/17/2019 23:54:18 | | | |
| **PACER Login:** | ~~~~~~~~~~ | **Client Code:** | |
| **Description:** | Claims Register | **Search Criteria:** | 18-06035-BKT13 Filed or Entered From: 1/1/1990 Filed or Entered To: 1/2/2020 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |