# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>CARMEN SOCORRO RIVERA GUZMAN<br>Social Security: xxx-xx-3608<br><br>**DEBTOR** | CASE NO. 18-06035 BKT/O<br><br>CHAPTER 13 |

## OPPOSITION TO MOTION REQUESTING RECONSIDERATION TO ALTER OR AMEND ORDER DATED MAY 15, 2019 DOCKET ENTRY # 58

### TO THE HONORABLE COURT:

**COMES NOW** Debtor, represented by Legal Partners, PSC., and through the undersigned attorney respectfully represents and prays as follows:

### INTRODUCTION

1. Jose Mendez Albarran and Olga Cifra Fontan, herein after "Mendez Albarran", on June 18, 2019, filed at docket entry #70, a motion requesting reconsideration of the order entered at docket entry #58, in which this Honorable Court denied motion requesting leave to file a proof of claim after the expiration of the claims bar date, hereinafter "the reconsideration"

2. For the reasons that will be discussed below, this Honorable Court may not entertain Mendez Albarran's motion, as they have failed to meet the legal standard set forth by the case law within the First Circuit; no newly discovered evidence, no intervening change in law, and there is no manifest error of law or fact. Thus, the reconsideration should be denied without entering into the merits of such.

1

3. In the alternative, said requests should be denied as untimely without any justification, the factual arguments made are incorrect, the arguments made were waived because they are being raised for the first time in the motion for reconsideration as they were not previously risen, and since it does not adhere to the legal standards of abuse of discretion.

**Untimely Reconsideration**

4. The order denying the Mendez Albarran motion requesting leave to file an untimely Proof of Claim, was entered on docket on May 15, 2019, at Docket No. 58. Without any explanation or attempt to justify its tardiness, the motion seeking reconsideration was filed on June 18, 2019, Docket No. 70. Not only they seek to file an untimely Proof of Claim, but it seems they are asking the Court to also consider an untimely motion for reconsideration. The motion for reconsideration was filed 34 days after the order was entered, but without even trying to explain why they filed it after the 14 days mandated by Fed.R.Bnkr.P. 9023[1].

5. One circumstance does call our attention. The Mendez Albarran are represented by counsel not tyro in bankruptcy matters. It is safe to surmise that the standard of "excusable neglect" applicable to them is way more stringent than the standard they are asking the Court to apply, to wit, lay persons that can't speak English. This Honorable Court should

---

[1] Except as provided in this rule and Rule 3008, Rule 59 F.R.Civ.P. applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment. In some circumstances, Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending.

*Case no. 18-06035 BKT/O*
*In Re Carmen Socorro Rivera Guzman*

demand that Mendez Albarran proceed with the level of proficiency required for bankruptcy matters for creditors represented by experienced counsel should.

6. Therefore, the motion for reconsideration filed at docket entry #70 should be ordered stricken as inexcusably untimely, and summarily deny it as fatally untimely.

**<u>Notice in English</u>**

7. Without showing good causes and/or excusable neglect, Mendez Albarran pretends for the Court to ignore their tardiness and their failure to cite or include any pertinent authorities or documentation setting forth or evidencing facts in support of its request for reconsideration, mainly that the Mendez Albarran do not speak English.

8. We must first bring to the attention of this Court that the motion for reconsideration is completely lacking any evidence, documentation or a sworn statement supporting their general allegations. General arguments without support are insufficient by themselves. See <u>United States v. Zannino</u>, 895 F.2d 1, 17 (1st Cir.1990) (likening arguments without support to bones without flesh).<u>Rios Colon v. U.S</u>, 928 F. Supp. 2d 376, 381 (D.P.R. 2012)

9. The bar date notice is provided by the Clerk of the Court in an official approved form. Mendez Albarran has not even attempted to provide any legal support for their argument, or provide a case or statue that would support their proposition that somehow using the official language for court notices violate due process.

10. The Mendez Albarran subsumed argument is that non-English speakers have a different set of deadlines, because they do not understand English. However, this is not a

3

legal argument, it is a political argument, and as such it should not be entertained by this Court. Let's not forget that English is an official language of Puerto Rico, 1 L.P.R.A. § 59[2]. See also, In re Caribbean Petroleum Corp., 444 B.R. 263, 267 (Bankr. D. Del. 2010).

11.     The argument being made by the Mendez Albarran is not new, and Puerto Rico law specifically addresses such an argument in 1 L.P.R.A. § 59c: *"No public or private document shall be annulled on account of being written in one or the other of the official languages of Puerto Rico, pursuant to the provisions of §§ 59 59f of this title, or by that which is provided by a special law."* One must ignore applicable law in order for their argument to have any validity.

12.     Also, validating their non-English speaking argument would most likely mean the end of civil procedure rules for both state and the U.S. Federal courts. In addition, all governmental, public and private notices would have to be provided in all languages, as the argument could be raised by anyone that doesn't speak the official language. It would not be sufficient to use the official language anymore, as we would have to translate to the language the party understands, be Spanish, Italia, French, German or Chinese, etc. A similar argument was raised and summarily denied in Camara de Mercadeo, Industria y

---

[2]     Spanish and English are established as official languages of the Government of Puerto Rico. Both languages may be used, indistinctively, in all departments, municipalities or other political subdivisions, agencies, public corporations, offices and government dependencies of the Executive, Legislative and Judiciary Branches of the Commonwealth of Puerto Rico, pursuant to the provisions of §§ 59 59f of this title, or by that which is provided by a special law.

<u>Distribucion de Alimentos v. Autoridad de Los Puertos</u>, No. 2015-002, 2017 WL 1787527, at 3 (P.R. Cir. Mar. 20, 2017)[3].

13. The Mendez Albarran, if in fact don't understand English, should have immediately sought assistance, not wait for months to seek it. A responsible or diligent person would immediately act and seek the much needed assistance, but instead the Mendez Albarran drag their feet.

**Motion for Reconsideration Standard**

14. "*The Federal Rules do not recognize motions for reconsideration in haec verba. However, bankruptcy courts do have post-judgment reconsideration powers under Fed. R. Bankr. P. 9023 and 9024 which extend Fed. R. Civ. P. 59 and 60 to bankruptcy*

---

[3] La Ley 1 de 28 de enero de 1993 establece el español y el inglés como idiomas oficiales del Gobierno de Puerto Rico y permite utilizarlos indistintamente. La Ley 1, supra es la ley especial respecto al idioma oficial en el Gobierno de Puerto Rico por lo que prevalece sobre la LPAU que en esa materia es de carácter general. Artículo 12 del Código Civil, 31 LPRA Sec. 12 <u>San Gerónimo Caribe Proyect v. ELA I</u>, 174 DPR 518 (2008). Por tales fundamentos, resolvemos que la AP no incumplió con la sección 2.8 de la LPAU al presentar el Reglamento Núm. 8837 únicamente en inglés. No erró la AP. **Original Spanish Version**

Law 1 of January 28, 1993 establishes Spanish and English as official languages of the Government of Puerto Rico and allows them to be used interchangeably. Law 1, supra is the special law regarding the official language in the Government of Puerto Rico, so it prevails over the LPAU, which in this matter is of a general nature. Article 12 of the Civil Code, 31 LPRA Sec. 12 <u>San Gerónimo Caribe Proyect v. ELA I</u> 174 DPR 518 (2008). For such reasons, we resolve that the PA did not breach section 2.8 of the LPAU when presenting Regulation No. 8837 in English only. The AP did not err. **Translations ours**

*proceedings. When a motion styled as a motion to reconsider challenges a prior judgment on the merits, it will be treated as either a motion to alter or amend under Fed. R. Civ. P. 59(e) or a motion for relief from judgment under Fed. R. Civ. P. 60(b)."* Equity Sec. Holders Comm. v. Wedgestone Fin., 152 B.R. 786, 788 (Bankr. D. Mass. 1993).

15. The First Circuit Courts of Appeals have found that: *"[t]he granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly. Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected. To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law."* Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006). [Emphasis was added, and internal citation were omitted].

16. A motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated before the Court and ruled upon. Standard Química de Venezuela v. Central Hispano International, Inc., 189 F.R.D. 202, 205 fn.4 (D.PR.1999). In other words, motions for reconsideration should not give parties a *"second bite at the apple"* or *"another roll of the dice."* In re Figueroa-Alonso, 2015 Bankr. LEXIS 2380 (Bankr. D. PR. 2015). *"A party cannot use a Rule 59(e) motion to rehash arguments previously rejected."* Soto-Padró v. Public Buildings Authority, 675 F.3d 1, 9 (1st Cir. 2012). *"Indeed, Rule 59(e) is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court."* Tosado v. A.A.A. (In re Tosado), Adv. No. 14-00198-MCF, Docket No. 59 (Bankr. D. PR. 2015) quoting Harley Davison Motor Co. v. Bank of New

England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990). Even worst, a motion for reconsideration is not the vehicle to rise for the first-time new arguments. Therefore, at this juncture the Court cannot entertain movant's motion for reconsideration. Not understanding English, as alleged by the Mendez Albarran, it cannot be newly discovered evidence, nor it was recently acquired. It was never raised before, despite it purported existence.

17. As to the content of the motion itself, the motion fails to meet any of the requirements needed to move the discretion of this Court. In a motion for reconsideration[4], *"the moving party must either clearly establish a manifest error of law or must present newly discovered evidence."* Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n.2 (1st Cir. 2004)). The First Circuit in Marie also cited a leading treatise, highlighting the following four grounds for granting a motion for reconsideration under Fed. R. Civ. P. 59(e): (1) manifest errors of law and fact; (2) newly discovered or previously unavailable evidence; (3) manifest injustice; and, (4) an intervening change in controlling law. 402 F.3d at 7 (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)).

18. Under Rule 59, reconsideration of a judgment is an extraordinary remedy, which is used sparingly and only when the need for justice outweighs the interests set forth by a final judgment. The underlying policy of reconsideration is to provide a court with a means to

---

[4] Debtor extensively borrows from In Re Santiago Vazquez, 09-01574

correct its own errors. White v. New Hampshire Dept. of Employment Sec., 455 U.S. 445, 450 (1982).

19.     Rule 59(e) does not exist to allow parties a second chance to prevail on the merits. Harley-Davidson Motor Co. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990). Indeed, Rule 59(e) is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court. Id. at 616. Likewise, a party cannot use a Rule 59(e)motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court. Aybar, et al. v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir.1997). The rule is that Rule 59(e) motions are to be *"aimed at reconsideration, not initial consideration."* Harley-Davidson Motor Co., Inc. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990). See also, Nat'l Metal Finishing Co. v. Barclays American/Commercial, Inc., 899 F. 2d 119, 123 (1st Cir. 1999) (Rule 59 (e) does not allow the losing party to rehash old arguments, previously considered and rejected). Thus, parties should not use Rule 59(e) motions to raise arguments which could and should have been made before judgment issued. Id (quoting Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986).

20.     In its Motion For Reconsideration, Mendez Albarran fails to establish a manifest error of law, newly discovered evidence, manifest injustice or an intervening change in controlling law. Consequently, the Court should find that the Mendez Albarran is not entitled to reconsideration of the order.

*Case no. 18-06035 BKT/O*
*In Re Carmen Socorro Rivera Guzman*

21. Accordingly, Debtor respectfully requests that this Honorable Court denies the Mendez Albarran's request for reconsideration as a matter of procedural law and without entering into the merits of the motion. Movant did not comply with the procedural requirements for a motion for reconsideration, and thus, it should be denied. Any new argument brought up by the Mendez Albarran was not brought up to the court prior to its ruling and the motion for reconsideration cannot be used to raise new legal arguments *"that 'could, and should, have been made before judgment [or order was] issued."* Soto-Padró v. Public Buildings Authority, 675 F.3d 1, 9 (1st Cir. 2012). This is precisely what Movant is attempting in its request for reconsideration.

**WHEREFORE** we pray from this Honorable Court to deny the motion for reconsideration titled "Motion Requesting Reconsideration To Alter Or Amend Order Dated May 15, 2019 Docket Entry # 58", for the reasons expressed in this motion.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification, upon information and belief, of such filing to: Madeleine Llovet Otero, Esq. and Monsita Lecaroz Arribas, Esq., U.S. Trustee's Office, and Alejandro Oliveras Rivera, Esq., in addition to any and all parties registered in this case to receive CM/ECF Notices. We will serve by regular mail this document to any the above-named persons, upon knowing that they are non CM/ECF participants.

**RESPECTFULLY SUBMITTED.**

In Carolina, Puerto Rico, July 4, 2019

*Case no. 18-06035 BKT/O*
*In Re Carmen Socorro Rivera Guzman*

**LEGAL PARTNERS, P.S.C.**
138 Winston Churchill Ave., PMB 316
San Juan, P.R. 00926-6023
Telephone: (787) 791-1818
Fax: (787) 791-4260

*/s/Juan M. Suárez Cobo*
**JUAN M. SUÁREZ COBO**
USDCPR 211010
suarezcobo@gmail.com

Attorney for:
Carmen Socorro Rivera Guzman

10