# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: <br> **CARMEN SOCORRO RIVERA GUZMAN** <br> **Social Security: xxx-xx-3608** <br><br> **DEBTOR** | **CASE NO. 18-06035 BKT/O** <br><br> **CHAPTER 13** |

## REPLY TO OPPOSITION TO MOTION TO AVOID LIEN

**TO THE HONORABLE COURT:**

**COMES NOW** Debtor, represented by Legal Partners, PSC., and through the undersigned attorney respectfully represents and prays as follows:

### INTRODUCTION

1. On February 18, 2019, Debtor, filed a motion pursuant to 11 U.S.C. § 522(f) requesting the avoidance of a judgment lien encumbering her home, a judicial lien in favor of Jose Mendez Albarran and Olga Cira Font La Santa, herein after "Mendez Albarran", Docket No. 34. After several extensions, on June 3, 2019, Mendez Albarran filed an opposition to the lien avoidance motion at Docket No. 63, titled "Opposition to Motion to Avoid Lien Filed by Debtor", hereinafter "the Motion." The motion is completely deprived of any valid arguments that would allow them to prevail.

### UNCONTESTED FACTS

2. The Debtor filed this bankruptcy petition on October 16, 2018, Docket No. 1.

1

*Case no. 18-06035 BKT/O*
*In Re Carmen Socorro Rivera Guzman*

3. The Debtor is now, and has been at all times since this case was filed, a co-owner of real property known as *"Villa Fontana, 4VN-2 Vía 40, Carolina, PR 00983"* (hereinafter the "property").

4. As of the date this case was filed, the fair market value of the property was $97,000.00. The current value of the portion own by Debtor amounts to $32,010.00 approximately.

5. That the property is now, and has been since the filing of this case, used by the Debtor as the principal residence.

6. The Debtor claimed and is entitled to claim an exemption in the property of 100%, pursuant to 31 P.R. Laws Ann. § 1858 et. seq., hereinafter "the Homestead Act." See schedule "C" filed at Docket No. 17, page 11.

7. The §341 meeting of creditors was held and closed on November 27, 2018.

8. Debtor's claimed exemptions have not been objected, and accordingly are now final.

9. The Mendez Albarran hold a judicial lien which was recorded in the property registry for Carolina, Section I, recorded at "2017-108869-CR01", in the amount of $48,000, plus interest, herein after "the judicial lien."

10. The Mendez Albarran's judicial lien arises from a judgment entered on September 16, 2016, state court money collection lawsuit, hereinafter the lawsuit, <u>Mendez Albarran v. Rivera Guzman, et als</u>, case number FCD2011-0161

*Case no. 18-06035 BKT/O*
*In Re Carmen Socorro Rivera Guzman*

11. That the judicial lien constitutes a lien upon the property.

12. Pursuant to the formula set forth in 11 U.S.C. 522(f)(2), the judicial lien held by Mendez Albarran impairs the above claimed exemption to the full extent of the judicial lien.

13. The Debtor filed a Motion to Avoid Lien on February 18, 2019. See Docket No. 30.

**DISCUSSION**

14. The Mendez Albarran aver that Debtor is not entitled to avoid the judicial lien encumbering her property, purportedly because the lien is not a judicial lien, and because Debtor is not entitled to claim the homestead exemption. These allegations are made at page 4 of The Mendez Albarran's motion, Docket No. 63.

15. We are perplexed by the argument that the judicial lien is not a judicial lien, but a mortgage. Just to be crystal clear, the judicial lien we are seeking to avoid is the one recorded in the property registry for Carolina, Section I, recorded at "2017-108869-CR01", in the amount of $48,000, plus interest. This fact that there is a recorded judicial lien is uncontested, and in fact admitted by the Mendez Albarran, see ¶9 and ¶10, of Mendez Albarran Motion filed at Docket No. 63.

16. We don't have to address the validity of the argument of the mortgage notes, because Debtor is not seeking to avoid a recorded mortgage, and because that argument was <u>adjudicated and discarded</u> in the law suite, against the Mendez Albarran, as they only have a collection of money judgment. We reserve the right to dispute and challenge any attempt by the Mendez Albarran to claim to have any other interest over property other than the

judicial lien, and further deny the existence of other interest than the judicial lien. In sum, at this time we are requesting remedies against the recorded judicial lien only.

17. The second argument raised by the Mendez Albarran, seems to be that the Debtor was not allowed to claim a homestead exemption, but that argument is incorrect.

18. We must begin by disputing the timeliness of the allegation, as the same is clearly late, and unwarranted under law. The time to object Debtor's exemption expired 30 days after the closing of the §341 meeting of creditors, held and closed on November 27, 2018. Accordingly, the claimed exemptions became final on or about December 27, 2019. To date, Debtor's claimed exemptions have not been objected. The objection to the exemption must be made in a timely manner, before the expiration of the terms provided by 4003(b)(1)[1]. Accordingly, as a matter of law the claimed exemptions are now final.

19. The Mendez Albarran incorrectly allege that the claimed exemption is not valid pursuant to Puerto Rico law, or that what it seems it is being argued[2]. Even though the

---

[1] (1) Except as provided in paragraphs (2) and (3), a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under §341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.

[2] As to the issue of the impairment of the homestead exemption, Debtor prepared a Homestead deed on December 10, 2011. Debtor appeared as the sole owner of the property and to our information and belief did not informed the Notary Public that there were other co owners, to wit, her brothers. The Deed was prepared only to Debtor and this deed apparently was not accepted in the Registry of the Property, as the content did not comply with Puerto Rico Homestead Law, because lack the consent of the other co owners. This is still the present state of law with Puerto Rico Homestead Act.

motion does not provide any legal cite, it seems that they are discussing the statutorily revoked case of <u>Rivera Garcia v. Registradora</u>, 2013 TSPR 107 (P.R. Oct. 7, 2013). The homestead exemption was executed by Debtor on December 10, 2011, as admitted by Mendez Albarran at page 4 of their motion[3], and the <u>Rivera Garcia,</u> supra. was decided on October 7, 2013. More importantly, because <u>Rivera Garcia,</u> was wrongly decided due to a less than clear statue, on Puerto Rico Law 68 of January 30, 2018, was enacted amending the troublesome article 9. At the time of the filing of the petition, October 16, 2018, the pertinent part of Article 9 [31 L.P.R.A. §1858] of the Homestead Act read as follows:

> ...
> If the parcel has already been registered in the name of such individual or head of family, it shall suffice for the owner or owners of such parcel to execute a declaration before a notary public stating that the parcel is covered by homestead protection for the Property Registrar to make a marginal notation on the appropriate record.
> ...

20. Also, as admitted by the Mendez Albarran at item 7, at page 2 of their motion, the property was registered to Debtor's name, and her brothers since February 13, 2012. Accordingly, at the time of the filing of the petition, Debtor was a registered owner entitled to claim and register her homestead exemptions, pursuant to the previously cited 31 L.P.R.A. §1858.

---

[3] As to the issue of the impairment of the homestead exemption, **Debtor prepared a Homestead deed on December 10, 2011**. Debtor appeared as the sole owner of the property and to our information and belief did not informed the Notary Public that there were other co owners, to wit, her brothers. The Deed was prepared only to Debtor and this deed apparently was not accepted in the Registry of the Property, as the content did not comply with Puerto Rico Homestead Law, because lack the consent of the other co owners. This is still the present state of law with Puerto Rico Homestead Act. **Bold supplied.**

*Case no. 18-06035 BKT/O*
*In Re Carmen Socorro Rivera Guzman*

21. In addition, presentation of the homestead deed in the property registry is not required for a valid claim of a homestead exemption under Puerto Rico law, see <u>Mendez Garcia v. Rushmore Loan Mgmt. Servs. as service agent of Roosevelt Cayman Asset Co.</u>, No. CV 17-2345 (ADC), 2018 WL 4677669, at *6 (D.P.R. Sept. 28, 2018). Thus, it is clear that at the time of the filing of the petition the Debtor had complied with all legal requirements to claim her homestead exemption.

22. However, we must emphasize that the Mendez Albarran fail to grasp the fatality of their untimeliness. Even if, *arguendo*, Debtor claimed an invalid homestead exemption or more than the allowed exemption, their failure to object the exemption allowed the claimed exemption to become final, and accordingly valid and binding for all purposes under the bankruptcy code and this case.

23. In <u>Schwab v. Reilly</u> the Court explained <u>again</u> that once the period to object expires, the exempted property is taken out of the state, citing <u>Taylor v. Freeland & Kronz</u>, 503 U.S. 638, 642–643, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), **with bold supplied:** *"[T]he Federal Rules of Bankruptcy Procedure require interested parties to object to a debtor's claimed exemptions within 30 days after the conclusion of the creditors' meeting held pursuant to Rule 2003(a). See Fed. Rule Bkrtcy. Proc. 4003(b). If an interested party fails to object within the time allowed, a claimed exemption will exclude the subject property from the estate* **even if the exemption's value exceeds what the Code permits.**"

24. To the extent that federal and state laws differ on the application of the exemption, section 522 preempts state law. A bankruptcy statute which authorizes debtor to claim state

6

law exemptions does not incorporate all of state's built-in limitations on its exemptions; rather, the state exemption scheme " *. . . is merely platform on which federal policies operate."* In re Betz, 273 B.R. 313, 325 (Bankr. D. Mass. 2002). A state's capability to define its exemptions is not absolute and must yield when it conflicts with the Bankruptcy Code.

## CONCLUSION

25.     It is undisputed that the Mendez Albarran's judicial lien impairs Debtor's 100% homestead exemption. The Mendez Albarran have failed to put forth any evidence and/or legal argument that would allow them to prevail. Accordingly, the judicial lien avoidance promulgated by 11 U.S.C. §522(f) should be granted.

**WHEREFORE**, the Debtor moves this Honorable Court to deny the Mendez Albarran motion filed at Docket No. 63, and in consequence to grant Debtor's motion to avoid the judicial lien filed at Docket No. 34, and grant such other and further relief as to the Court may deem just and proper.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification, upon information and belief, of such filing to: Madeleine Llovet Otero, Esq. and Monsita Lecaroz Arribas, Esq., U.S. Trustee's Office, and Alejandro Oliveras Rivera, Esq., in addition to any and all parties registered in this case to receive CM/ECF Notices. We will serve by regular mail this document to any the above-named persons, upon knowing that they are non CM/ECF participants.

**RESPECTFULLY SUBMITTED.**

In Carolina, Puerto Rico, July 8, 2019

**LEGAL PARTNERS, P.S.C.**
138 Winston Churchill Ave., PMB 316
San Juan, P.R. 00926-6023
Telephone: (787) 791-1818
Fax: (787) 791-4260

*/s/Juan M. Suárez Cobo*
**JUAN M. SUÁREZ COBO**
USDCPR 211010
suarezcobo@gmail.com

Attorney for:
Carmen Socorro Rivera Guzman