# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

IN RE:                                                     **CASE NO 18-06035 BKT**

**CARMEN SOCORRO RIVERA**

                                                           CH 13

DEBTOR

## MOTION TO DISMISS

**TO THE HONORABLE COURT:**

 **COMES NOW,** secured creditor **JOSE MENDEZ ALBARRAN AND OLGA CIRA FONTAN LA SANTA,** from now on JOSE MENDEZ ALBARRAN through the undersigned attorney and very respectfully alleges, states and prays as follows:

### PRELIMINARY STATEMENT

 The case of reference involves the Debtor, which is attempting, through its lack of good faith, to take undue advantage of the Bankruptcy Code provisions under Chapter 13 to evade payments to its judgment creditor Jose Mendez Albarran. Debtor provided to the State Court a proffer that a loan has been already approved in order to pay secured creditor. Should Debtor be acting in good faith, she would continue with the state court proceeding and the loan process in order to pay this claim to the creditor who saved her home and her extreme suffering in 2008 when acting in good faith, he paid in full the mortgage to Doral Mortgage the day before the foreclosure was scheduled. As the result of this action, debtor has been able to live the house for the past eleven years (11) years without paying any monies to this secured creditor. Debtor's actions show a flagrant attitude of bad faith as an unjust enrichment is seek using the Bankruptcy law.

 Debtor has proposed a chapter 13 plan with monthly payment of $500.00 for 48 months, with a base of $24,200.00, thus debtor is showing a healthy financial capacity which enable her to pay her secured creditor outside of the bankruptcy process. The payment of $500.00 for the next four (4) years only to pay debtor's attorney's fees and

1

the amount of $1,760.31 for POC 1 and 2, demonstrate more than an unjust and unfair treatment to secured creditor. In view of the totality of circumstances, this case has no valid purpose under the Bankruptcy law, therefore, the case of reference should be summarily dismissed.

## BACKGROUND

1) **On February 7, 2008**, the property located at Villa Fontana 4VN-2 Via 40 Carolina, PR 00983, was subject to a public sale pursuant the execution order of the court. Case Num. FCD2002-0810(407) Doral Financial Corporation now Doral Bank vs. Jose A Rivera Figueroa aka Jose Antonio Rivera Figueroa and Nelida Guzman de Rivera, aka Nelida Guzman Montalvo. Mrs Nelida Guzman died in March 16, 2007 and Mr. Jose Antonio Rivera died on January 14, 2008. See copy of the public sale notice identified as **Exhibit A**.

2) **On February 6, 2008** Mr. Jose Mendez Alabarran paid to Doral Bank the complete amount owed by Debtor's parents to Doral in the amount of $48,496.64 See copy of Manager's check #1161388 dated February 6, 2008, identified as **Exhibit B.**

3) Since **February 7, 2008**, Debtor indicated that she was going to pay the debt along with her two brothers. She was very thankful for Mr.Mendez' action to save their home.

4) On **July 6, 2011**, the corresponding Instances (Instancias) for the Registry of the Property were finished. And on **July 8, 2011** presented at the Registry of the Property and being inscribed on **February 13, 2012** at Inscription 4th, page 177 of Volume 1017( Mr. Nelida Guzman de Rivera) and Inscription 5th, page 177, Volume 1017 (Mr. Jose A Rivera) Registry of the Property of Carolina, First Section.

5) On **January 31, 2011** Mr. Jose Mendez Albarran filed a collection of monies case in state court, Case Num FCD 2011-0161(406) First Instance Court Superior Court of Carolina.  Judgment in favor of plaintiffs Mr. Jose Mendez Albarran and his wife, in the amount of $48,000.00 plus interest, was entered on **September 12, 2016**.

6)  On **December 5ᵗʰ, 2017** the judgment by Mr. Jose Mendez was duly recorded at the Registry of the Property. At 2017-108869-CR01. Letter A .

7) On **January 16, 2018** the Order directed to the Registrar of the Property for the garnishment of the property and the writ of execution was duly registered pursuant marginal note A.1.

8) On **July 23, 2018** Debtor filed in Carolina State Court a complaint suing her 2 brothers requesting the Inheritance partition and  other remedies so she could prepare a Homestead deed in accordance to law, as the Deed she prepared in December of 2011 was not valid, she stated in said deed, she was the sole owner of the property and tried to register the same.

The Registrar of the Property denied its registry as the property has two other owners**, Juan Antonio Rivera Guzman and Jose Arnaldo Rivera Guzman**, and as such, it did not compy with Article 9 of the Law # 195 of Local Homestead Exemption.  See Copy of the Registry of the Property's computer print out denying the inscription of **Homestead Deed and copy of said deed number 16, dated December 10, 2011 issued before notary public Miguel Angel Canals Canals** identified as Exhibit C.

9)  On **October 16, 2018** at 10:30 am the public sale of the property was scheduled at the Marshalls office. The only presents were Mr. Jose Mendez Albarran and attorney for debtor, Rosnely Plaza Acevedo, Esq and not being any other person present, the Marshall, Samuel Gonzalez Isaac, of the Public Sales Division, for the Superior Court of Carolina proceeded to adjudicate the property

in favor of the Plaintiff, Jose Mendez Albarran.  See copy of the Act of Auction identified as Exhibit  D

10)  On that same date, October 16, 2018 at 11:41 am Debtor filed a pro-se voluntary petition.

11)  Debtor has proposed an amended  chapter 13 plan dated July 24, 2019 (Docket # 82) which increase the life of the plan from 36 to 49 months with monthly payments of $500.00 and a new base of **$24,200.00**.  Only two (2) proof of claims have been filed by Banco Popular de PR POC # 1 and 2 for a total amount of **$1,760.31.**

Even though Debtor states in the plan that attorneys' fees are estimated at $3,000.00 approximately, notwithstanding, the fees application exceeds the balance estimated of $3,000.00. As of now, please refer to Docket entry # 65 in the amount of $5,210.00 and Docket entry #91 in the amount of $2,350.00.

The action of Attorney for Debtor to misled the provisions of the plan,  in order to increase the base of the plan to **$24,200.00** for his entire benefit should raise a red flag as to the valid purpose under the Bankruptcy Code of this case. Debtor's attorney, with the express knowledge that there are only two (2) allowed proof of claims (POC # 1 and # 2) in the total amount of **$1,760.31**, decided to increase the base **from $17,700.00, to $24,200.00**.  This contravenes the essence of justice and fair treatment to secured creditor when it is clearly demonstrated that debtor now has the capacity to pay this secured creditor, who saved this property from foreclosure eleven (11) years ago.  Debtor has been enjoying the real property thanks to secured creditor action in 2008.  Debtor always indicated she and her brothers were to pay this claim.  Debtor proffered the estate court she had been approved a loan to pay this secured claim in full. See Exhibit E

**APPLICABLE LAW AND DISCUSSION**

4

**FIRST:  Debtors petition was filed in Bad Faith.**

12) Dismissal under 11 U.S.C Sec 1307( c )   Section 1307 ( c) provides that, "on request of a party in interest of the United States Trustee and after notice and a hearing the Court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause."  11 U.S.C. sec 1307 ( c) enumerates a non -exhaustive list of "causes" for dismissal.  Although lack of good faith is not listed as "cause" for conversion or dismissal the same has been upheld as a reason or cause or conversion or dismissal pursuant to Section 1307(c ).  See In re Torres Martinez 397 B.R. at 166 citing Cabral v. Shamban 285 B.R. 563, 573 (B.A.P. 1st Cir. 2002).  The term "good faith" is not defined in the Bankrupcty Code; thus the good faith inquiry is a fact intensive determination. In re Cabral, 285 B.R. at 572, **" Courts differ in their approach in determining good faith, but the majority favor a totality of the circumstances" test to determine whether a debtor lacked good faith under 1307 ( c ) in filing a chapter 13 petition**.  See Sullivan v Solimini, 326 B.R. 204 211 (B.A.P. 1st Cir,. 2005); In Re O'Neal, 2011 Bankr. Lexis 2074 (Nankr. D. Mass. 2011)  (Emphasis supplied)

13) We must also refer to Section 707 (a) of the Bankruptcy Code.  It is well known that filing a bankruptcy petition to ward off collection efforts is not in itself enough to establish cause for dismissal under Section 707 (a).  See In Re Asociacion de Titulares de Condominio Castillo p 26 Case No. 16-05120, B.A.P. No. 17-009, 2018 WL 794761 (B.A.P. 1st Cir. Feb 8, 2018). However, a bankruptcy petition filed in bad faith may serve as its own cause for dismissal.  There is a split

on this circuit regarding the topic. Id at 25. Nevertheless, courts have dismissed cases based on a debtor's bad faith when a bankruptcy petition is filed to avoid a large single debt by means of fraud:

"Dismissal based on lack of good faith must be undertaken on an ad hoc basis. In re: Brown, 88 Bankr. at 284. It should be confined carefully and is [**14] generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income, and excessive and continued expenditures, lavish life-style, **and intention to avoid a large single debt based on conduct akin to fraud, misconduct, or gross negligence**. It was not abuse of discretion to conclude that the factors found in this case amounted to a lack of good faith on the part of Zick." (emphasis supplied) In re: Zick, 931 F.2d 1124, 1129

14)  Though the Code contemplate dismissal of a bankruptcy case "for cause", bad faith is not enumerated as cause.  See 11 U.S.C. Sect 1112 The code contains no requirement the bankruptcy petition must be filed in good faith.  Nonetheless, most courts have expressly interpreted Sect 1112(b) to include dismissal of a chapter 11 case due to "the lack of good faith in its filing." See In re Humble Place Joint Venture 936 F 2nd 814,816-17 (5th Cir. 1991).  Other courts have held that " an implicit prerequisite to the right to file is good faith on the part of the debtor, the absence of which may constitute cause for dismissal..." Caroline Corp v.Miller, 886 F.2nd 693, 698 (4th Cir.1989)

15)  Indeed, **"every bankruptcy statute since 1898, has incorporated literally or by judicial interpretation, a standard of good faith for the commencement, prosecution and confirmation of bankruptcy proceedings."** In re Little Creek Develop.Co.,F. 779 F. 2nd 1068 (5th Cir. 1986).  This good faith requirement exists:
    **(1)    to prevent the "abuse of the bankruptcy process by debtors whose overriding motive is to delay creditors without benefiting them in any way" and**
    **(2)    as a means to protect "the jurisdictional integrity of the bankrupctcy courts" by making the Code only available to debtors with "clean hands"** id at 1072.  (Emphasis supplied)

6

16) In determining whether to dismiss a bankruptcy for lack of good faith., most courts apply a totality of the circumstances inquiry.  While there is no specific test or exhaustive list of factors for determining bad faith, **courts often consider factors that evidence the intent to abuse the judicial process and the purpose of reorganization**.  See <u>Rollex v Associated Materials, Inc</u>. 14 F, 3rd 240 (4th Cir. 1994). **Certain courts consider factors that demonstrate an intent to "delay or frustrate the legitimate efforts of secured creditors to enforce their rights,"** <u>Albany Partners Ltd v. Westbrook</u>, 749 F.2nd 670,674 (11th  Cir. 1984) such as when a debtor files for bankruptcy to prevent a shareholder lawsuit with no intent of effectuating a valid reorganization plan.

17) While a specific bad-faith test has not been established, courts have identified certain factors that necessitate the dismissal of a particular case for bad faith filing. These factors include, but are not limited to, whether;

    (1)  **The bankruptcy estate is composed of one asset;**
    (2)  **The secured creditor's liens encumber the tract of real property;**
    (3)  There are typically no employees other than the principals of the debtor;
    (4)  The debtor has little or no cash flow;
    (5)  **No available sources of income are available to sustain a reorganization plan;**
    (6)  **Few, if any unsecured creditors exists (and whose claims are relatively small);**
    (7)  **The property has been scheduled for foreclosure due to lack of debt Payments;**
    (8)  **Bankruptcy was filed as the last option to prevent loss of the property;** **and**
    (9)  Alllegations are made of wrongdoing by the Debtor or its principal
    .( Emphasis supplied)

7

18) In the instant case, most of the factors addressed by the courts apply to the case at bar.   Please note, that the original proposed Chapter 13 plan did not consider the payment of secured creditor Jose Mendez Albarran and Attorney for debtor filed an amended chapter 13 increasing the base of the plan to **$24,200.00**  mainly and solely to pay Attorney's fees. These proposal of debtor denote an absurd use of the bankruptcy process which is for the benefit of the creditors but in this case is for the benefit of the attorney for debtor.

19) Therefore, when a bankruptcy serves no purpose and results in no benefit for its creditors or the debtor, and only delays litigation already pending against the debtor, there is cause to dismiss the case. See In re Asociacion, supra at p 26 (citing Cypress Fin. Trading Co 620 F. App'x at 289)

## CONCLUSION

20) Debtor, which is attempting, through its lack of good faith, to take undue advantage of the Bankruptcy Code provisions under Chapter 13 to evade payments to its judgment creditor Jose Mendez Albarran. Debtor provided to the State Court a proffer that she has been already approved a loan in order to pay this secured creditor.  Should Debtor be acting in good faith, she would continue with the state court proceeding and the loan process in order to pay this claim to the creditor who saved her home and her extreme suffering in 2008 when acting in good faith, he paid in full the mortgage to Doral Mortgage the day before the foreclosure was scheduled.

21) As the result of creditor's action in paying the mortgage in full, debtor has been able to live the house for the past eleven years (11) years without paying any monies to this secured creditor. Debtor's actions show a flagrant attitude of bad faith as an unjust enrichment is seek using the Bankruptcy law.    Debtor has demonstrated aQshe has the economic capacity to pay secured creditor in the amount of $48,000.00.

22) Debtor has proposed an amended chapter 13 plan with monthly payment of $500.00 for 48 months, with a base of $24,200.00, thus debtor is showing a healthy financial capacity which enable her to pay her secured creditor outside of the bankruptcy

8

process. The payment of $500.00 for the next four (4) years only to pay debtor's attorney's fees and the amount of $1,760.31 for POC 1 and 2, demonstrate more than an unjust and unfair treatment to secured creditor. In view of the totality of circumstances, this case has no valid purpose under the Bankruptcy law, therefore, the case of reference should be summarily dismissed.

### NEGATIVE CERTIFICATION BY DMDC

Creditor declares that a negative certification pursuant to the Servicemen's Civil Relief Act of 2003 and provided by the Department of Defense Manpower Data Center (DMDC), is hereby attached as evidence that Debtor is not in the active duty or under call to active duty as a member of the ARMY, NAVY, or AIR FORCES of the United States of America; National Guard; the Public Health Service or the National Oceanic and Atmospheric Administration.

23) Secured creditor reserves the right to present and or supplement this motion to dismiss.

**WHEREFORE,** Secured Creditor Jose Mendez Albarran requests from this Honorable Court to summarily dismiss the captioned case since Debtor Carmen Socorro Rivera lacked good faith in filing and in the prosecution of this case and has no valid purpose under the bankruptcy law.

**RESPECTULLY SUBMITTED.**

In San Juan Puerto Rico, this 17th day of September of 2019

### NOTICE

Within thirty (30) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be

deemed unopposed and may be granted unless:  (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise.  If you file a timely response, the court may – in its discretion – schedule a hearing.

**CERTIFICATE OF SERVICE**: I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification to the following: US Trustee's Office, **Monsita Lecaroz Arribas Esq.,** the Chapter 13 Trustee, **Alejandro Oliveras Rivera Esq.,** Debtor's legal representation, Legal Partners, P.S.C. Box 316 Señorial Station, San Juan PR 00926-6013, c/o **Juan M Suarez Cobo, Esq.** and I  hereby certify that I have mailed by First Class Mail copy of this motion to **Carmen Socorro Rivera**, Debtor, Urb Villa Fontana, 4VN-2 Via 40, Carolina, PR 00983, and to all creditors and parties in interest as per master address list.

1

/s/ *MADELEINE LLOVET OTERO*
**MADELEINE LLOVET OTERO, ESQ**.
ATTORNEY FOR CREDITOR
**JOSE MENDEZ ALBARRAN**
USDC-PR 203907
PO BOX 9020574
SAN JUAN, PR  00902
TEL.(787)399-5804
mllovlaw@yahoo.com

CERTIFIED  TRANSLATION
**Exhibit  A**


HF-4-30038450
Attorney Díaz

**COMMONWEALTH  OF  PUERTO  RICO
COURT  OF  THE  FIRST  INSTANCE
CAROLINA  SECTION**

| | | |
|---|---|---|
| DORAL  FINANCIAL  CORPORATION before, now DORAL  BANK | * | CIVIL NO.  FCD2002-0810(407) |
| | * | |
| Plaintiff | * | RE: |
| | * | |
| v. | * | MORTGAGE  FORECLOSURE (ORDINARY  ROUTE) |
| | * | |
| JOSE A.  RIVERA  FIGUEROA, also known as JOSE  ANTONIO  RIVERA FIGUEROA. NELIDA  GUZMAN MONTALVO, AND  THE  CONJUGAL PARTNERSHIP  COMPRISED  BY BOTH  OF  THEM | * | |
| | * | |
| Defendants | * | |
| | * | |

UNITED STATES OF AMERICA          |
THE PRESIDENT OF THE U.S.          | SS
THE  COMMONWEALTH  OF  PUERTO  RICO  |


**EDICT  ANNOUNCING  FIRST  AND  SECOND  AUCTION |**

The subscribing Marshal, an Officer of the Court of the First Instance

of Puerto Rico, by means of the present document, ANNOUNCES and lets

1

*EXHIBIT A*

the public in general know that in compliance with the Judgment entered on August 16, 2002, I shall proceed to sell in auction, to the best bidder and for cash or certified check, any title right or interest on the part of the defendant mentioned in the caption, with regard to the property described further on. (**Note:** handwritten note on the lower left-hand margin of the page which reads as follows: "The mortgage was paid here [referring to the date of [February 7, 2008, at 11:00 am] so that this auction would not be held and so that I could buy the property from the heirs".)

It is ANNOUNCED by means of this EDICT that the FIRST AUCTION is to be held on February 7, 2008, at 11:00 in the AM at my office, located at the site that is occupied by the Court of the First Instance of Puerto Rico, **CAROLINA  SECTION.** Since this is the FIRST AUCTION held in this case, the minimum rate acceptable as offer in the FIRST   AUCTION shall be the minimum rate agreed upon in the Mortgage Establishment Deed or, in other words, the sum of $25,000.00

If there were no auction or adjudication in this FIRST AUCTION, a SECOND AUCTION shall be held on February 14, 2008, at 2:00 PM, in which the minimum rate acceptable shall be two thirds of the minimum rate agreed upon in the Mortgage Establishment Deed, in other words, the total sum of $16,666.67.  This SECOND AUCTION shall be held in my office, located at the site which is occupied by the Court of the First Instance of Puerto Rico,

## CAROLINA SECTION.

The property to be sold in auction is the one that is described as

follows and for which the registry data is given:

> ----"URBAN: Lot located in the VILLA FONTANA DEVELOPMENT located in Sábana Abajo ward of the municipality of Carolina, Puerto Rico, marked with the number TWO from block FOUR VN, with an area of THREE HUNDRED POINT ZERO SEVEN SQUARE METERS. Abutting on the NORTH, at twenty-one point six hundred fifty meters, with lot number Three; on the SOUTH, at twenty-one point six hundred fifty meters with lot number Five; and on the WEST, at thirteen point eight hundred sixty meters with street number Three Hundred Twenty. There is a house located on it."

> Registered on the volume of the removable page 891 of Carolina, property # 12,162, 3rd registration, of the Carolina Property Registry, Section I.

> ADDRESS: VILLA FONTANA URB.
> 4VN-2 STREET 40
> CAROLINA, PUERTO RICO

There arises from the Title Study carried out in the case of the caption

that there is preferred lien on the property previously described, consisting

of a FIRST MORTGAGE, in guarantee of a promissory note in favor of

INTERNATIONAL CHARTER MORTGAGE CORPORATION, or to its order,

for the principal sum of $19,000.00, with interest at 7 ½% annually, due

on June 1, 1999, as is stated in deed #327, executed in San Juan, Puerto

Rico, on May 27, 1969, before Notary Public Angel R. de Corral Juliá,

registered on page 6 of volume 321 of Carolina, property # 12162, 1st

registration, of the Carolina Property Registry, Section I.

3

It is warned that this credit shall continue subsistent to the credit that is being foreclosed in the case of the caption and by means of this auction. In like manner, it is warned that the remainder in auction shall be subrogated in the liability of the payment of the same and that the price that is obtained from the Auction, in other words, the auction price, shall not be destined toward the extinction of the same.

The aforementioned Judgment shall be satisfied with the sum of this sale, for the principal sum of $24, 766.56 plus interest on said sum at the rate of 10.5% annually, from August 1, 2001, until its total and complete payment, plus the stipulated sum of $2,500.00 for costs, expenses and attorney's fees, plus any other sums that appear on the face of the contract.

The documents in the file of the present case and all the documents corresponding to this proceeding are in manifest at the Office of the Clerk of this Court during working days and hours, reason why the interested ones may refer themselves to the file that is filed therein, under the civil number which appears in the caption of this Edict announcing First and Second Auction.

WHEREFORE, I issue the present document, which I sign and stamp, in Carolina, Puerto Rico, today, November 27, 2007.

4

(signed)
Samuel González Isaac
Marshal

(Note: the page is stamped at the bottom with a seal from the Superior
Court, Carolina section, General Court of Justice, Commonwealth of Puerto
Rico.)

I   CERTIFY that the foregoing document is a faithful and
true translation from its original in Spanish.

*Patricia Beckerleg*
Certified Court Interpreter and Translator
Administrative Office of the U.S. Courts

5



MANAGER'S CHECK

1161388

101-7286/2215

DATE February 6, 2008

PURCHASER   R I PREMIER BANK
            COMPRA DE PROPIEDAD

$48,496.64

PAY   FORTY-EIGHT THOUSAND FOUR HUNDRED NINETY-SIX AND 64/100

TO THE      I) R I MORTGAGE                    CUSTOMER COPY
ORDER OF

EXHIBIT B



Departamento de
*Justicia*



**Inicio**     Registro de Propiedad

## Búsqueda de Estatus de Documentos

Sección:    Carolina I

Municipio:    CAROLIN

Número de finca:    12162

[ Buscar ]    [ Cami ]

| Asiento | Diario | Objecto |
|---------|--------|---------|
| 333 | 358 | DEMANDA |
| 1313 | 346 | ACTA PARA |
| 1167 | 346 | HIPOTECA |
| 1166 | 346 | COMPRAV |
| 608 | 345 | DECLARAT |
| 607 | 345 | DECLARAT |

Copy

---

**Anotación de Hogar Seguro**
**El dia 10/12/2011**
**Ante el notario Miguel Angel Canals Canals**

Estimado Lcdo: Canals Canals:

En cumplimiento del Artículo 69 de la Ley Hipotecaria num. 198 del 8 de agosto de 1979 enmendada, comunico a uste epígrafe y que fuera **presentado el 19/12/2011, al Asiento 1313 del Libro 346 del Diario de Operaciones, Entrada** Registro, adolece de las faltas que se detallan a continuación, que impiden la registración del mismo.

Surge del Registro que la finca consta inscrita en **comunidad de bienes a favor de CARMEN SOCORRO RIVE RIVERA GUZMAN y de JOSE ARNALDO RIVERA GUZMAN.** En el documento de epígrafe comparece **única** GUZMAN a solicitar se anote esta finca como su **HOGAR SEGURO. Deberán comparecer todos los titulares de** como su Hogar Seguro, según el **Artículo 9 de la Ley 195 del 13 de septiembre de 2011.**

El presentante o interesado que no esté conforme con la calificación del Registrador podrá, dentro del término improrro notificación, radicar un escrito de recalificación exponiendo sus objeciones a la calificación, los fundamentos en que apoya de lo que interesa. Transcurridos los veinte días se entenderán consentidas las faltas señaladas. (Artículo 70, Ley Nu

De no ser subsanado el defecto señalado y expirado el plazo de 60 días el Registrador extenderá nota de caducidad en el documento el día señalado como fecha de caducidad a las 3:00 p.m., cuando los derechos pagados a la presentación de **CADUCADO** no excediere de doscientos ($200.00) dólares el Registrador cancelará veinticinco ($25.00) dólares; o presentación excedieran los doscientos ($200.00) dólares el Registrador cancelará cincuenta ($50.00) dólares, (Ley 155 tendrá veinte (20) días a partir de la fecha de **CADUCIDAD** señalada para que nos someta comprobante por la suma de cancelarse por haber **CADUCADO** el documento presentado, de manera que podamos devolver los derechos pagado Artículo 66.5 del Reglamento Hipotecario.

**Esta notificación se hace en primera instancia, al número de telefax provisto por el notario, según se dispone en Dicha notificación se considera un original para todos los efectos legales y el recibo emitido por la máquina de te envio de la notificación, constituye evidencia suficiente a los efectos de una notificación válida. No obstante, la personalmente la notificación firmada en original por el Registrador, dentro de los sesenta días de emitida la mism Hipotecario.**

Fecha de Notificación Fecha de Consentida (vence)

Fecha de Caducidad Fecha de vencimiento de devolución

Empleado: Katherine Alvira Rivera Lcda. Vanessa Bayonet Tartak
Registradora de la Propiedad

[ Cerrar ]



**Departamento de**

*Justicia*

pr.go

| Inicio | Registro de Propiedad |
|---|---|

## Búsqueda de Estatus de Documentos

**Sección:** Carolina I ▾   **Data importada en 17-02-2016**

**Municipio:** CAROLINA ▾

**Número de finca:** 12162

[ Buscar ]   [ Cambiar Búsqueda ]

| Asiento | Diario | Objeto | Fecha Pr... |
|---|---|---|---|
| 333 | 358 | DEMANDA ENMENDADA | 14-05-2... |
| 1313 | 346 | ACTA PARA ANOTAR DERECHO A | 19-12-2... |
| 1167 | 346 | HIPOTECA | 08-12-2... |
| 1166 | 346 | COMPRAVENTA | 08-12-2... |
| 608 | 345 | DECLARATORIA DE HEREDEROS | 08-07-2... |
| 607 | 345 | DECLARATORIA DE HEREDEROS | 08-07-2... |

### Detalle:

**Presentación Personal: Asiento 1313 Diario 346:** WILFREDO MOJICA presenta a las trec veintiocho minutos el diecinueve de Diciembre del año dos mil once, **ESCRITURA NÚM** **SOBRE ACTA PARA ANOTAR DERECHO A HOGAR SEGURO** otorgada en el día Diciembre del año dos mil once ante el notario **MIGUEL ANGEL CANALS CANALS**, par **INSCRIBA** a favor de **CARMEN SOCORRO RIVERA GUZMAN** sobre la finca número 1 termino municipal de Carolina, Y SOBRE LA **URBANIZACIÓN VILLA FONTANA** EN EL **SABANA ABAJO** DE CAROLINA CON UNA **CABIDA DE (300.07MC).** EXENTO DE PAGO.

### Notas:

| Fecha | Nota |
|---|---|
| 07-08-2012 | **CADUCADO** el **LEGAJO #4640**, en virtud del Artículo 52 de la Ley 198 del 8 de ag de 1979. En Carolina a 7 de agosto de 2012. |
| 25-05-2012 | **NOTIFICADO** hoy por los fundamentos incluidos en la notificación bajo el **LEGAJO #4640**. En Carolina, a 8 de junio de 2012. |
| 12-03-2012 | Notificación [ Ver Detalle ] |

[ Cerrar ]

AUTORIZADO POR LA COMISIÓN ESTATAL DE ELECCIONES: CEE-SA-12-5331

Copyright © 2012 Departamento de Justicia de Puerto Rico • Calle Olimpo, Esq. Axtmayer, Pda. 11 Miramar, San Juan



Miguel Ángel Canals Canals

**ABOGADO Y NOTARIO**

NIHIL PRIUS FIDE

Número

*16*

ESCRITURA

DE

*Acta de Hogar*

*Seguro*

OTORGADA POR

*Carmen S. Rivera Guzmán*

FAVOR DE

En *Carolina* , P. R.,

a *1º* de *diciembre* de *2011*

---------------NÚMERO DIECISEIS (16) ------------

-----ACTA PARA ANOTAR DERECHO A HOGAR SEGURO-----

---En San Juan, Puerto Rico, a los diez (10) días del mes de Diciembre del año Dos Mil Once (2011).----------------------------------------

---------------------ANTE MÍ --------------------

----MIGUEL ÁNGEL CANALS CANALS, Abogado y Notario en y para el Estado Libre Asociado de Puerto Rico, con residencia y oficina en San Juan, Puerto Rico.----------------------------------

--------------------COMPARECEN ------------------

----DOÑA CARMEN SOCORRO RIVERA GUZMÁN, mayor de edad, soltera, propietaria y vecina de Carolina, Puerto Rico, en adelante denominada la "Requirente". ------------------------------

---Yo, el Notario, DOY FE de haberme asegurado de la identidad de la compareciente por los medios establecidos en la Ley Notarial, artículo diecisiete (17) inciso c, en específico mediante su licencia de conducir expedida por el Estado Libre Asociado de Puerto Rico, la cual tiene su retrato y firma; Doña Carmen Socorro Rivera Guzmán con el número Nueve Nueve Seis Uno Tres Tres (996133); y por sus manifestaciones la doy también de su mayoría de edad, estado civil, profesión y vecindad.----------------------------

----Me asegura hallarse en el pleno goce y disfrute de sus derechos civiles, teniendo a mi juicio la capacidad legal necesaria para este otorgamiento y en tal virtud libre y voluntariamente REQUIERE:-----------------------

----------------REQUERIMIENTO-------------------

---PRIMERO: Me requieren para que yo, en mi carácter de Notario autorice un Acta a los efectos de anotar en el Registro de la Propiedad correspondiente su derecho a hogar seguro de conformidad con la Ley Número Ciento Noventa Y Cinco (195) del trece (13) de septiembre de Dos Mil Once (2011), titulada *Ley del Derecho a la Protección del Hogar Principal y el Hogar Familiar*.-----------------------------------

----SEGUNDO: Manifiesta que mediante esta ley se



1

concede a todo individuo o jefe de familia, domiciliado en Puerto Rico, el derecho a poseer y disfrutar, en concepto de hogar seguro, una finca consistente en un predio de terreno y la estructura enclavada en el mismo, o una residencia bajo el régimen de la Ley de Condominios de Puerto Rico que le pertenezca o posea legalmente, y estuviere ocupada por éste o por su familia exclusivamente como su residencia principal.-----------------------------------

----TERCERO: Que la aquí Requirente, como propietaria del inmueble descrito a continuación, en adelante la "Propiedad", ocupando ésta como su residencia principal, designa la misma como su Hogar Seguro y manifiesta que no han designado ni designará como tal ninguna otra propiedad en o fuera de Puerto Rico. --------------------------



"URBANA: Solar radicado en la Urbanización Villa Fontana situada en el Barrio Sabana Abajo del término municipal de Carolina, Puerto Rico, marcado con el número Dos (2) de la manzana Cuatro (4 VN (4VN), con un área de TRESCIENTOS PUNTO CERO SIETE (300.07) METROS CUADRADOS. En lindes por el NORTE, en veintiuno punto seiscientos cincuenta metros (21.650 m.), con el solar número tres (3); por el SUR, en veintiuno punto seiscientos cincuenta metros (21.650 m.) con el solar número Uno (1); por el ESTE, en trece punto ochocientos sesenta metros (13.860 m.) con el solar número Cinco (5); y por el OESTE, , en trece punto ochocientos sesenta metros (13.860 m.) con la Calle número Trescientos Veinte (320). Enclava una casa.------

---CONSTA INSCRITA al Folio Móvil, del Tomo Ochocientos noventa y uno (891), de Carolina, Registro de la Propiedad Sección I de Carolina, FINCA Número Doce mil ciento sesenta y dos (12,162).-------------------------------------

----El Notario Autorizante ha advertido a la parte compareciente que la presente ACTA se ha autorizado conforme al contenido de los estudios de título con fecha del treinta (30) de Noviembre del año dos mil once (2011) preparado por WILLIAM NEGRÓN QUIÑONEZ, Investigador de Títulos, y no por el Notario Autorizante; que el Estudio de Título no es un seguro de título y refleja solamente la realidad de dicho inmueble a la



2

fecha de dicho estudio; que por más reciente que sea no cierra el registro ni excluye la posibilidad de que se hayan presentado otros documentos relacionados con esta propiedad con posterioridad a esta fecha. --------------------

----CUARTO: La Requirente reconoce que ha sido advertida por el Notario de las posibles sanciones a las que se expone de intentar o lograr anotar en el Registro de la Propiedad más de una propiedad como hogar seguro o que intente o logre la anotación ilegal del derecho a hogar seguro a favor de otra persona. -----------------

----El Notario también le advierte a la Requirente que incurrirá en delito grave de cuarto grado, toda persona que intente o logre inscribir en el Registro de la Propiedad la protección de hogar seguro en más de una finca de su propiedad o intente o logre inscribir a favor de otra persona la protección de hogar seguro, a la que éste no tuviere derecho. Además, en los casos en que la persona se encuentre culpable de tal delito, ésta no tendrá derecho a hogar seguro sobre ninguna de las propiedades objeto de su actuación ilegal. -----------------------------

----QUINTO: POR LA PRESENTE ACTA SE solicita del Registrador de la Propiedad que consigne en la inscripción de la propiedad descrita anteriormente la correspondiente nota marginal sobre la designación de la Propiedad como Hogar Seguro. -------------------------------------

------------- **LECTURA Y AUTORIZACIÓN** ------------

----YO, el Notario, DOY FE de haber hecho a la Requirente, las advertencias legales pertinentes a esta Acta y manifiesta que la ha leído y consiente a ellas, estampando sus iniciales en cada uno de los folios de esta Acta, firmándola ante Mi, sin solicitar la intervención de testigos cuyo derecho le advertí tenía, y Yo el Notario, **DOY FE** de cuanto más afirmo, refiero o relato en este instrumento público el cual firmo, signo, rubrico y sello. ------------------------



3

---FIRMADO: DOÑA CARMEN SOCORRO RIVERA GUZMÁN, la Requirente;------------------------------------

---FIRMADO, SELLADO, SIGNADO Y RUBRICADO : MIGUEL ÁNGEL CANALS CANALS----------------------------

---YO, el Notario, CERTIFICO, que la presente es copia fiel y exacta del original del ACTA número **DIECISEIS** (16) que obra en mi protocolo de instrumentos públicos para el corriente año dos mil once (2011), la cual contiene tres folios (3); que aparecen estampadas las iniciales de la otorgante y el sello del Notario en todos y cada uno de los folios así como al final de la escritura aparece la firma de la otorgante, y la del Notario.------------------------------------

---EN TESTIMONIO DE LO CUAL, para entregar a DOÑA CARMEN SOCORRO RIVERA GUZMÁN, la **SEGUNDA COPIA** certificada firmo, signo, sello y rubrico, en Carolina, Puerto Rico, al diez (10) de diciembre del año dos mil once (2011), dejando su saca debidamente anotada.--------------------------



**NOTARIO PÚBLICO**



4

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**DEPARTAMENTO DE JUSTICIA**
**REGISTRO INMOBILIARIO DIGITAL DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO**

**Carolina: Sección I**
**Vanessa Bayonet Tartak**
**Registrador de la Propiedad**
vabayonet@justicia.pr.gov

---

**CERTIFICACIÓN DE PROPIEDAD INMUEBLE**

**TURNO DE CERTIFICACIÓN: 2019-001367-CERT**

---

A solicitud de José Méndez se expide la presente sobre las constancias del Registro Inmobiliario Digital de Puerto Rico, y yo Vanessa Bayonet Tartak, Registrador **CERTIFICO** la siguiente información de la finca que se relaciona:

**Finca número: 12162**

**Demarcación: Carolina Norte**

---

**Descripción de la Finca**

---

Número de Catastro: ---. Urbana: URBANIZACIÓN VILLA FONTANA de Carolina Norte. Solar: 2 MANZANA 4VN. Cabida: 300.07 Metros Cuadrados. Linderos: Norte, con el solar tres, distancia de veintiún metros seiscientos cincuenta milésimas metro. Sur, en igual distancia con el solar uno. Este, con el solar cinco distancia de trece metros con ochocientos sesenta milésimas de metro. Oeste, con la calle trescientos veinte en igual distancia. Sobre dicho solar enclava una vivienda de concreto para una sola familia.

*Exhibit C cont.*

Cargas y Gravámenes

**Hipoteca:** Según la inscripción 1ª, al folio 6 del tomo 321 y fecha 3 de septiembre de 1969, afecta a Hipoteca en garantía de un pagaré a favor de la International Charter Mortgage Corporation, o a su orden, por el suma de $19,000.00. Devengando intereses al 7 ½% anual. Vencedera el 1º de junio de 1999. Tasándose la finca en $24,700.00 Así resulta de la escritura número 327 otorgada en San Juan el 27 de mayo de 1969 ante el notario Angel R. de Corral Julia. Presentada el 4 de junio de 1969, al Asiento 194 del Diario 109.

**Servidumbre:** Afecta condiciones restrictivas de edificación, a servidumbres a favor de la Autoridad de las Fuentes Fluviales de Puerto Rico, a la Puerto Rico Telephone Company, a la Autoridad de Acueductos y Alcantarillados de Puerto Rico y al Municipio de Carolina.

**Hipoteca:** Según la inscripción 3ª, al tomo 891 y fecha 24 de octubre de 2001, afecta a Hipoteca en garantía de pagaré a la orden de Doral Mortgage Corporation, por la suma principal de $25,000.00. Intereses a razón del 10 ½% anual. Testimonio 4915. Vencimiento el 1º de abril de 2016. Tasada en una cantidad igual a la suma principal en caso de subasta. Así resulta de la escritura número 68 otorgada en San Juan el 5 de abril 2001 ante el notario Luz Nereida Solero Santiago. Presentada el 19 de abril de 2001, al Asiento 195 del Diario 234.

**Anotación de Demanda:** Según la letra A al tomo Karibe y fecha 16 de enero de 2018, se ANOTA DEMANDA a favor de José A. Méndez Albarrán, t/c/c José Antonio Méndez Albarrán, su esposa Olga Cira Fontán Lasanta y la sociedad legal de bienes gananciales compuesta por ambos. Es objeto de esta anotación demanda la suma que se relacionan mas adelante por incumplimiento y un pagaré suscrito a favor de Doral Mortgage, el cual se encontraba en proceso de ejecución y al haber pagado la parte Demandante la suma de $48,496.64 adviene dueño por endoso del pagaré objeto de ejecución. DEMANDANTE: José A. Méndez Albarrán, t/c/c José Antonio Méndez Albarrán, su esposa Olga Cira Fontán Lasanta y la sociedad legal de bienes gananciales compuesta por ambos DEMANDADO: Carmen Socorro, Juan Antonio y José Arnaldo, todos de apellidos Rivera Guzmán, herederos nombrados de las Sucesiones de Don José A. Rivera Figueroa, t/c/c José Antonio Rivera Figueroa y Doña Nélida Guzmán de Rivera, t/c/c Nélida Guzmán Montalvo. CANTIDAD ADEUDADA: $48,496.64. EXTREMOS QUE SE SOLICITAN EN LA DEMANDA: La parte demandada (de las Sucesiones de don José A. Rivera Figueroa t/c/c José Antonio Figueroa y Nélida Guzmán de Rivera, t/c/c Nélida Guzmán Montalvo), ha incumplido con el pago de $48,496.64 por concepto del pagaré adquirido por endoso por el co-demandante Méndez Albarrán, $11,775.55 por concepto intereses al 10.5 % anual, computados desde el día 7 de febrero del 2008 hasta el día 31 de diciembre del 2010, más los que se acumulen hasta el total y completo pago de la deuda y otras sumas que de detallan en el documento. OBSERVACIONES/CONDICIONES: Cobro de dinero e incumplimiento. DOCUMENTOS COMPLEMENTARIOS: Ninguno. DATOS DEL DOCUMENTO PRESENTADO: Demanda expedida por el/la Tribunal de Primera Instancia Sala de Carolina en el Caso Civil número FCD2011-0161 sobre sobre cobro de dinero, Parte Demandante: José A. Méndez Albarrán, t/c/c José Antonio Méndez Albarrán, su esposa Olga Cira Fontán Lasanta y la sociedad legal de bienes gananciales compuesta por ambos, Parte Demandada: Carmen Socorro, Juan Antonio y José Arnaldo, todos de apellidos Rivera Guzmán, herederos nombrados de las Sucesiones de Don José A. Rivera Figueroa, t/c/c José Antonio Rivera Figueroa y Doña Nélida Guzmán de Rivera, t/c/c Nélida Guzmán Montalvo, el día 15 de marzo de 2011. Presentada el 14 de mayo de 2015, al Asiento: 333-358-CR01.

Según la inscripción 1ª, al folio 6 del tomo 321 y fecha 3 de septiembre de 1969, consta inscrita a favor de JOSE A. RIVERA FIGUEROA y su esposa NELIDA GUZMÁN DE RIVERA, mayores de edad, propietarios y vecinos de Carolina; quienes compraron a Forty Seven Development Corporation por el precio de $19,950.00. Así resulta de la escritura número 326 otorgada en San Juan el 27 de mayo de 1969 ante el notario Angel R. de Corral Julia. Presentada el 4 de junio de 1969, al Asiento 193 del Diario 109.


Declaratoria de Herederos
Según la inscripción 4ª al folio 177 del tomo 1017 y fecha 13 de febrero de 2012, la titular NELIDA GUZMAN DE RIVERA, t/c/c NELIDA GUZMAN MONTALVO, falleció en Carolina, el 16 de marzo de 2007, sin haber otorgado testamento, siendo su estado civil casada al momento de fallecer según surge de Resolución dictada el día 1º de julio de 2008 por el Tribunal de Primera Instancia, Sala de Carolina, en el Caso Civil FJV08-0608, donde fueron declarados únicos y universales herederos de dicha causante a sus hijos: CARMEN SOCORRO RIVERA GUZMAN, soltera, mayor de edad, propietaria y vecina de Carolina; JUAN ANTONIO RIVERA GUZMAN, soltero, mayor de edad, propietario y vecino de San Lorenzo y JOSE ARNALDO RIVERA GUZMAN, soltero, mayor de edad y a favor de JOSE A. RIVERA FIGUEROA, en la cuota viudal usufructuaria que determine la ley. Se valora la participación de la causante en esta finca en la suma de $32,600.00, según Certificación de Cancelación de Gravamen expedido por el Departamento de Hacienda el 15 de enero de 2009 debidamente certificada bajo relevo número 0862436500006. Se acompaña Certificación Negativa de Caso de Pensión Alimentaria, expedida por ASUME el 17 de mayo de 2011. En su virtud, INSCRIBO la participación de la causante en esta finca a favor de CARMEN SOCORRO RIVERA GUZMAN, JUAN ANTONIO RIVERA GUZMAN y de JOSE ARNALDO RIVERA GUZMAN, a título de herencia y a favor de JOSE A. RIVERA FIGUEROA, en la cuota viudal usufructuaria que determine la ley. Así resulta de los documentos antes relacionados e Instancia suscrita en San Juan el 6 de julio de 2011 por Carmen Socorro Rivera Guzmán, bajo affidávit número 5378, ante el notario Miguel E. Miranda Gutierrez. Presentado el 8 de julio 2011, al Asiento 607 del Diario 345.


Declaratoria de Herederos
Según la inscripción 5ª al folio 177 vuelto del tomo 1017 y fecha 13 de febrero de 2012, el titular JOSE A. RIVERA FIGUEROA, falleció en SAN JUAN, el 14 de enero de 2008, sin haber otorgado testamento, siendo su estado civil VIUDO al momento de fallecer según surge de Resolución dictada el día 26 de septiembre de 2008 por el Tribunal de Primera Instancia, Sala de Carolina, en el Caso Civil FJV2008-0609, donde fueron declarados únicos y universales herederos de dicho causante sus hijos: CARMEN SOCORRO RIVERA GUZMAN, soltera, mayor de edad, propietaria y vecina de Carolina, JUAN ANTONIO RIVERA GUZMAN, soltero, mayor de edad, propietario y vecino de San Lorenzo y JOSE ARNALDO RIVERA GUZMAN, soltero, mayor de edad y vecino de California. Se valora la participación del causante en esta finca en la suma de $32,600.00, según Certificación de Cancelación de Gravamen expedido por el Departamento de Hacienda el 15 de enero de 2009 debidamente certificada bajo relevo número 0862436500001. Se acompaña Certificación Negativa de Caso de Pensión Alimentaria, expedida por ASUME el 13 de mayo de 2011. En su virtud, INSCRIBO la participación del causante en esta finca a favor de CARMEN SOCORRO RIVERA GUZMAN, JUAN ANTONIO RIVERA GUZMAN y de JOSE ARNALDO RIVERA GUZMAN, a título de herencia. Así resulta de los documentos antes relacionados e Instancia suscrita en San juan el 6 de julio de 2011 por Carmen Socorro Rivera Guzmán, bajo affidávit número 5377, ante el notario Miguel E. Miranda Gutiérrez. Presentado el 8 de julio de 2011, al Asiento 608 del Diario 345.


Según Nota al Margen de la letra A al tomo Karibe y fecha 16 de enero de 2018: NOTA MARGINAL: A.1 TRANSACCIÓN: ADVERTENCIA A TERCEROS. ACLARACIÓN: Se amplía la anotación de Demanda suscrita bajo la letra A para hacer constar que se acompaña Orden y Mandamiento de Ejecución de Sentencia Enmendada que se relacionará en el cual se Ordena al Honorable Registrador de la Propiedad proceda al Embargo en aseguramiento de Sentencia dictada a favor de los Demandantes en el caso de epígrafe FCD2011-0161 (406) Tribunal Primera Instancia Sala Carolina. DOCUMENTOS COMPLEMENTARIOS: Declaración Jurada: Mandamiento sobre Ejecución de Sentencia número de Caso Civil FDC2011-0161 con fecha del 1 de septiembre de 2017. DATOS DEL DOCUMENTO PRESENTADO: Demanda expedida por el/la Tribunal de Primera Instancia Sala de Carolina en el Caso Civil número FDC2011-0161 sobre Anotación de Demanda (Cobro de Dinero), Parte Demandante: José A. Méndez Albarrán, Parte Demandada: Carmen Socorro Rivera, Juan A. Rivera Guzmán, José Arnaldo Rivera Guzmán, el día 1 de septiembre de 2017. Presentada el 5 de diciembre de 2017, al Asiento: 2017-108869-CR01.

Libros Auxiliares

Aparece(n) anotado(s) en los libros Especiales los siguientes:

Embargo Federal: A favor de Parte Interesada presentado al Asiento 2017-002310-FED el día 28 de marzo de 2017, por la suma de $$10,475.92, siendo el deudor Jose A. Rivera .

Embargo Federal: A favor de Parte Interesada presentado al Asiento 2017-002311-FED el día 28 de marzo de 2017, por la suma de $$10,542.81, siendo el deudor Jose A. Rivera .

Embargo Federal: A favor de Internal Revenue Services (IRS) presentado al Asiento 2017-003433-FED el día 3 de mayo de 2017 por la suma de $3,304.25, siendo el deudor Carmen Rivera.

NO PODEMOS PRECISAR QUE LA TITULAR CARMEN SOCORRO RIVERA GUZMAN Y LA CONTRIBUYENTE EMBARGADA SEAN LA MISMA PERSONA.

Embargo Federal: a favor de Internal Revenue Services (IRS) presentado al Asiento 2018-009198-FED el día 29 de octubre de 2018por la suma de $$11,736.29, siendo el deudor José A Rivera .

Embargo Federal: a favor de Internal Revenue Services (IRS) presentado al Asiento 2018-009251-FED el día 29 de octubre de 2018por la suma de $$3,823.32, siendo el deudor José A Rivera .

Embargo Federal: a favor de Internal Revenue Services (IRS) presentado al Asiento 2018-009254-FED el día 29 de octubre de 2018por la suma de $$3,823.32, siendo el deudor José A Rivera .

Embargo Federal: a favor de Internal Revenue Services (IRS) presentado al Asiento 2018-009262-FED el día 29 de octubre de 2018por la suma de $$3,823.32, siendo el deudor José A Rivera .

Embargo Federal: a favor de Internal Revenue Services (IRS) presentado al Asiento 2018-009265-FED el día 29 de octubre de 2018por la suma de $$3,823.32, siendo el deudor José A Rivera .

Embargo Federal: a favor de Internal Revenue Services (IRS) presentado al Asiento 2018-009272-FED el día 29 de octubre de 2018por la suma de $$3,823.32, siendo el deudor José A Rivera .

Embargo Federal: a favor de Internal Revenue Services (IRS) presentado al Asiento 2018-009274-FED el día 29 de octubre de 2018por la suma de $$11,736.29, siendo el deudor José A Rivera .

NO PODEMOS PRECISAR QUE EL TITULAR JOSE ARNALDO RIVERA GUZMAN Y EL CONTRIBUYENTE EMBARGADO SEAN LA MISMA PERSONA.

Observaciones: .

Despachado: el 11 de febrero de 2019, 9:06AM.

Expedido la presente, hoy 12 de febrero de 2019, 12:40PM.
Derechos: $15.00, Número de comprobante: 80004-2019-0123-50283001

**Firmado electrónicamente por el registrador Vanessa Bayonet Tartak el 12 de febrero de 2019, 12:40PM**

**Codigo de Validación:** 7bd8c19a-2cb3-4a4c-9c37-1919642ff27d

Certified Translation
Exhibit ~~C~~      EXH. D

## COMMONWEALTH OF PUERTO RICO
## COURT OF THE FIRST INSTANCE
## CAROLINA SECTION

| | | |
|---|---|---|
| **JOSE A. MENDEZ ALBARRAN** | * | **CIVIL NO.: F CD2011-0161** |
| | * | |
| Plaintiff | * | **COURTROOM: (406)** |
| | * | |
| vs. | * | **RE:** |
| | * | |
| **CARMEN S. RIVERA GUZMAN** | * | **COLLECTION OF MONEY** |
| | * | |
| Defendant | * | |

### RECORD OF AUCTION

I, **SAMUEL GONZALEZ ISAAC,** Marshal, Auctions Division of the Court of the Court of the First Instance, Carolina Part, Puerto Rico.

**I CERTIFY:**

That, in fulfillment of an order that was issued in this case to make effective the Judgment entered and to sell in public auction the property that is described as follows under the amounts that were transmitted to in the Order issued in this case, by the Clerk of the Court of the First Instance, Carolina Superior Section, in foreclosure of judgment and for the amount of $48,000 and with its personal goods, at the prevailing legal rate and claimed in the complaint in conformity to the September 12, 2016 judgment,

1

*EXHIBIT D*

I proceeded to announce that I would be selling in public auction at the office

that was located in the building of the Court of the First Instance, Carolina

Superior Section, commencing at ten-thirty in the morning (10:30) of

October 16, 2018, the participation of the defendants in the property which

is described further on for the total sum of the amounts owed and on the

basis of the corresponding minimum auction prices with the property to

be auctioned being the following:

**DESCRIPTION:**

**----URBAN:** Lot located in the Villa Fontana urbanization located in the
Sábana Abajo ward of the municipality of Carolina, marked with the #2
of block 4VN, with an area of 300.7 square meters. Abutting on the
NORTH, at 21.650 meters with lot #3; on the SOUTH, at 21.650
meters with lot #1; on the EAST, at 13.860 meters with lot #5; and
on the WEST, at 13.860 meters with street #320.----------------------

----Registered on the volume with removable page eight hundred
ninety-one (891) of Carolina, property number twelve thousand one
hundred sixty-two (12.162), third registration of Section 1 of the
Carolina Property Registry.-------------------------------------------

That said announcement was made by means of the setting up edicts

during the space of twenty (20) days in several public places, to wit, in the

bulletin board located in the building that is occupied by the Office of the

Collector of Internal Revenue, in Carolina, on Bulletin Board of the Office

of the Mayor in Carolina, respectively, and in a newspaper of general

circulation.  Said edicts expressly mentioned that parties in the lawsuit:

José A.  Méndez Albarrán, plaintiff vs. Carmen Socorro Rivera

2

<u>Guzmán</u>, defendant.

Once the scheduled time for the auction had taken place at the announced place, in a loud voice and reading in like manner the published edict, the first auction was opened with there only being present Mr. José A. Méndez Albarrán, plaintiff and Attorney Rosnely Plaza Acevedo, in representation of co-defendant Carmen Socorro Rivera Guzmán.  No other person made an appearance, reason why, once the auction had been opened and faced with the absence of other offers, they proceeded to adjudicate the good pro for the minimum rate auction for this first auction, in other words, $48,000.00, in favor of plaintiff, José A. Méndez Albarrán, as down payment and deduction from the judgment entered on September 12, 2016, including voluntarily assuming any charge or lien affecting the property.

**WHEREFORE,** I sign the present document in Carolina, Puerto Rico, on October 25, 2018.

**I  CERTIFY** that I handed copy of this Record to all the interested parties.

_____**(signature)**_____

**SAMUEL GONZÁLEZ ISAAC
MARSHAL
DIVISION OF AUCTIONS
COURT OF THE FIRST INSTANCE
CAROLINA SUPERIOR SECTION**

**I CERTIFY that the foregoing is a true and faithful translation from its original in Spanish.**

*Patricia Beckerleg*

**Certified Court Interpreter and Translator
Administrative Office of the U.S.  Courts**

3

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| **CARMEN   SOCORRO   RIVERA GUZMÁN**<br>Demandante<br><br>Vs<br><br>**JUAN ANTONIO RIVERA GUZMÁN y JOSÉ ARNALDO RIVERA GUZMÁN**<br>Demandados | **CIVIL NÚM.:**<br>**SJ2018CV05517**<br><br>**SALA:607**<br><br>**SOBRE:  PARTICIÓN DE HERENCIA** |

**SOLICITUD URGENTE DE ORDEN**

**AL HONORABLE TRIBUNAL:**

    **COMPARECE** la parte Demandante, la Sra. Carmen Socorro Rivera Guzmán, por conducto de su representante legal, quien muy respetuosamente **EXPONE, INFORMA** y **SOLICITA:**

1.    El 1 de octubre de 2018 se presentó ante este Honorable Tribunal una Solicitud Urgente de Anotación de Rebeldía y Señalamiento de Vista. En la mañana de hoy recibimos notificación del Honorable Tribunal señalando la vista en rebeldía para el 25 de octubre de 2018.

2.    Sin embargo, traemos a la atención del Honorable Tribunal, que el préstamo que la aquí demandante está tramitando para satisfacer la cuantía a ser satisfecha en ejecución de sentencia ya fue aprobado. Véase, **Anejo. 1**. En virtud de lo cual se solicita muy respetuosamente de este Honorable Tribunal que emita la correspondiente Orden autorizando la firma de un Alguacil del Tribunal para cualquier trámite relacionado con el préstamo antes mencionado.

    **POR TODO LO CUAL**, respetuosamente, se solicita de este Tribunal que declare HA LUGAR la presente solicitud,  y emita la correspondiente Orden de conformidad con lo aquí planteado, junto con cualquier otro pronunciamiento que en derecho proceda.

    **RESPETUOSAMENTE SOMETIDO.**

En Carolina de Puerto Rico, hoy día  10 de  octubre de 2018.

                    **BUFETE RIVERA ORTIZ & ASOCIADOS**
                    Plaza Escorial Cinemas, Local 5829, Suite 207
                    Carolina, Puerto Rico 00987
                    Tel. (787)257-4118 / Fax (787)769-7016


                    **F/LCDA. ROSA NELLY PLAZA ACEVEDO**
                    **RUA 13992**
                    rosanplaza@gmail.com

-1-



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

SSN:               XXX-XX-3608
Birth Date:
Last Name:         RIVERA
First Name:        CARMEN
Middle Name:       SOCORRO
Status As Of:      Sep-16-2019
Certificate ID:    FGYZGN6X41SL19Y

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard).  This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA  93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ? 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. ? 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC ? 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC ? 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC ? 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

Label Matrix for local noticing
0104-3
Case 18-06035-BKT13
District of Puerto Rico
Old San Juan
Thu Jun 27 23:19:16 AST 2019

US Bankruptcy Court District of P.R.
Jose V Toledo Fed Bldg & US Courthouse
300 Recinto Sur Street, Room 109
San Juan, PR 00901-1964

BANCO POPULAR DE PUERTO RICO
BANKRUPTCY DEPARTMENT
PO BOX 366818
SAN JUAN PR 00936-6818

BANCO POPULAR DE PUERTO RICO
BANKRUPTCY DIVISION
PO BOX 366818
SAN JUAN PR 00936-6818

BUFETE RIVERA ORTIZ & ASOC
PLAZA ESCORIAL CINEMAS
LOCAL 5829 SUITE 207
CAROLINA PR 00987

BUFETE RIVERA ORTIZ & ASOCIADOS
PLAZA ESCORIAL CINEMAS
LOCAL 5829 SUITE 207
CAROLINA PR 00987-0000

FRANCISCO FERNANDEZ CHIQUES ESQ
PO BOX 9749
SAN JUAN PR 00908-0749

ISLAND FINANCE LLC
PO BOX 195369
SAN JUAN PR 00919-5369

JOSE A CANDELARIO LAJARA ESQ
COND VICK CENTER SUITE D-407
867 AVE MUNOZ RIVERA
SAN JUAN PR 00925-2102

JOSE A CANDELARIO LAJARA ESQ
PO BOX 70250 SUITE 306
SAN JUAN PR 00936-8250

JOSE A RIVERA
8338 DAVIS STREET
DOWNEY CA 90241-4919

JOSE A. RIVERA GUZMAN
8338 DAVIS STREET
DOWNEY CA 90241-4919

JOSE MENDEZ ALBARRAN
JOSE A CANDELARIO LAJARA ESQ
PO BOX 70250
SUITE 306
SAN JUANPR 00936-8250

JOSE MENDEZ ALBARRAN
PO BOX 30537
SAN JUAN PR 00929-1537

JUAN A RIVERA
URB VILLA FONTANA
4VN 2 VIA 40
CAROLINA PR 00983-4750

JUAN A RIVERA GUZMAN
URB. VILLA FONTANA
4VN-2 VIA 40
CAROLINA PR 00983-4750

PRAMCO II LLC
PO BOX 70194
SAN JUAN PR 00936-8194

ROSA NELLY PLAZA ACEVEDO ESQ
PLAZA ESCORIAL CINEMAS
LOCAL 5829 SUITE 207
CAROLINA PR 00987-0000

ROSA NELLY PLAZA ESQ
BUFETE RIVERA ORTIZ & ASOC
PLAZA ESCORIAL CINEMAS
LOCAL 5829 SUITE 207
CAROLINA PR 00987

SYNCHRONY BANK-WAL-MART
BANKRUPTCY DEPARTMENT
PO BOX 965060
ORLANDO FL 32896-5060

ALEJANDRO OLIVERAS RIVERA
ALEJANDRO OLIVERAS CHAPTER 13 TRUS
PO BOX 9024062
SAN JUAN, PR 00902-4062

CARMEN SOCORRO RIVERA
URB VILLA FONTANA
4VN 2 VIA 40
CAROLINA, PR 00983-4750

JOSE A. MENDEZ ALBARRAN
PO BOX 9020574
SAN JUAN, PR 00902-0574

JUAN MANUEL SUAREZ COBO
LEGAL PARTNERS PSC
138 WINSTON CHURCHILL AVE
PMB 316
SAN JUAN, PR 00926-6013

MONSITA LECAROZ ARRIBAS
OFFICE OF THE US TRUSTEE (UST)
OCHOA BUILDING
500 TANCA STREET  SUITE 301
SAN JUAN, PR 00901

End of Label Matrix
Mailable recipients    24
Bypassed recipients     0
Total                  24