# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| IN RE: | CASE NO. 18-06035 BKT/O |
|---|---|
| CARMEN SOCORRO RIVERA GUZMAN | CHAPTER 13 |
| Social Security: xxx-xx-3608 | |
| DEBTOR | |

## OPPOSITION TO MOTION REQUESTING RECONSIDERATION ORDER AT DOCKET ENTRIES 58 AND 85

**TO THE HONORABLE COURT:**

**COMES NOW** Debtor, represented by Legal Partners, PSC., and through the undersigned attorney respectfully represents and prays as follows:

1. Jose Mendez Albarran and Olga Cifra Fontan, herein after "Mendez Albarran", on August 14, 2019, filed at Docket No. 94, a motion requesting reconsideration of the order entered at Docket No. 85, in which this Honorable Court denied, the **untimely**[1] motion for reconsideration filed at 72. In other words, they are requesting the reconsideration of the denial of the late reconsideration. And, just to explain the genesis of these motions for reconsideration, this Honorable Court denied the Mendez Albarran motion requesting leave to file a proof of claim after the expiration of the claims bar date, filed at Docket No. 28.

---

[1] The order was entered on docket on May 15, 2019, Docket No. 58. The motion seeking reconsideration was filed on June 18, 2019, Docket No. 70. The motion was filed 34 days after the order was entered not within the 14 days mandated by Fed.R.Bnkr.P. 9023.

1

*Case no. 18-06035 BKT/O*
*In Re Carmen Socorro Rivera Guzman*

**<u>No Remedy Available</u>**

2.	First, Mendez Albarran must understand that the remedy sought at Docket No. 28, to allow a filing of a late proof of claim, is not available by law under the circumstances of this case. They must understand that this Honorable Court cannot provide a relief that is contrary to law, and they shall understand it, or harsher[2] consequences may come. No matter how many reconsiderations are filed, the remedy does not exist.

3.	Under Bankruptcy Rule 9006(b)(3), this Honorable Court can grant an extension of a non-governmental creditor's deadline to file a proof of claim *"only to the extent and under the conditions stated in"* Bankruptcy Rule 3002(c) itself. Bankruptcy Rule 3002(c) provides seven enumerated exceptions to the timely filing of a proof of claim, **and none is present in this case:** *"Under Rule 9006(b)(3), bankruptcy courts are not permitted to authorize an untimely claim filing in Chapter 7 or 13 on the basis of the excusable neglect standard of Rule 9006(b)(1) . . . bankruptcy court lacks the power to enlarge the time for filing claims in Chapter 13 cases on any equitable basis."* <u>In re Heyden</u>, 570 B.R. 489, 492–93 (Bankr. W.D. Pa. 2017):

---

[2]	Bnkr. R. 9011(b) establishes a litigant's duty to conduct a reasonable inquiry into the facts and the law before signing pleadings, filing and submitting motions and other documents and advocating before a court of law. See, <u>Business Guides, Inc. v. Chromatic Communications Enterps., Inc.</u>, 498 U.S. 533, 111 S. Ct. 922, 933, 112 L. Ed. 2d 1140 (1991); <u>Bobe-Muniz v. Caribbean Restaurants, Inc.</u>, 76 F. Supp. 2d 171, 175 (D.P.R. 1999). The claims and other legal contentions presented to the court must be warranted by existing law. See, <u>Nyer v. Winterthur Intern.</u>, 290 F.3d 456, 461 (1st Cir. 2002).

**Reconsideration of a Denial of Reconsideration**

4.  The second thing the Mendez Albarran must understand is that, procedurally speaking, they are only requesting reconsideration of the order denying the reconsideration, Docket No. 85, as they cannot seek a second belated reconsideration of the order entered at Docket No. 58, denying the motion filed at Docket No. 28.

> The appellants, however, did not timely appeal the underlying judgment. Fed. R. App. P 4(a)(1) dictates that *"the notice of appeal required by Rule 3 must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from."* While an initial motion for reconsideration filed within ten days of the entry of the final judgment tolls the period in which a litigant must file a notice of appeal, see Fed.R.Civ.P. 59(e); Fiore, 960 F.2d at 234; Feinstein v. Moses, 951 F.2d 16, 18 (1st Cir.1991), **a subsequent motion for reconsideration served within ten days of the order denying the initial motion for reconsideration but more than ten days after the entry of the original judgment does not toll** *"the time for appealing from that judgment,"* Acevedo–Villalobos v. Hernandez, 22 F.3d 384, 389 (1st Cir.1994); see Glinka v. Maytag Corp., 90 F.3d 72, 74 (2d Cir.1996) (*"Allowing subsequent motions to repeatedly toll the filing period for a notice of appeal would encourage frivolous motions and undermine a fundamental canon of our legal system, to promote the finality of judgments."*); Wright v. Preferred Research, Inc., 891 F.2d 886, 889 (11th Cir.1990) (*"Both the language and purpose of Rule 4(a)(4) indicate that the time for appeal is postponed only by an original motion of the type specified. I.e., a motion to reconsider an order disposing of such a motion will not further postpone the time to appeal."*) (quoting 9 Moore's Federal Practice ¶ 204.12[1] ); Charles L.M. v. Northeast Indep. Sch. Dist., 884 F.2d 869, 870 (5th Cir.1989) (*"[T]he second motion was a successive motion for reconsideration, condemned by well-established authority in this and other circuits . . . [T]he filing of the second motion did not toll the running of the thirty-day time for appeal . . ."*). Aybar v. Crispin-Reyes, 118 F.3d 10, 14 (1st Cir. 1997) **Bold Supplied.**

5.  The first reconsideration was untimely filed, and the Court denied the motion at Docket No. 85. Thus, in this second reconsideration they must show that somehow the Court erred in denying the first motion for reconsideration, buy the Mendez Albarran do not even come close.

*Case no. 18-06035 BKT/O*
*In Re Carmen Socorro Rivera Guzman*

6. The Court should summarily deny this second motion for reconsideration, for the same reasons, the Court denied the first motion for reconsideration. To avoid being repetitive, we include by reference as if fully repeated herein the arguments presented at Docket No. 80.

7. This Honorable Court may not entertain Mendez Albarran's second motion for reconsideration, as they failed to meet the legal standard set forth by the case law within the First Circuit. There is no newly discovered evidence, there is no intervening change in law, and <u>clearly</u> there is no manifest error of law or fact. There is a clear pattern of adding new arguments, never made before, in every new motion for reconsideration, and that must be stopped.

8. Any new argument being made in the second motion for reconsideration should be denied as untimely without any justification. They have no merit and they were twice waived. They are being raised for the first time in the second reconsideration, and since it does not adhere to the legal standards of abuse of discretion. A clear example of late, and twice late piece meal litigation.

**<u>Manifest Injustice</u>**

9. Without explaining, Mendez Albarran argues that the Court's denial of their motion for reconsideration is a manifest injustice. They are incorrectly arguing their first motion, filed at Docket No. 28. Again, they must understand that train left.

10. We fail to see how not allowing the late filing a Proof of Claim can be a manifest injustice. It is the inevitable legal consequence of their own acts, omissions and

4

shortcomings. Under the facts of this case, the rule does not allow the late filing of a Proof of Claim, there cannot be a manifest injustice, <u>it is the law</u>. The Mendez Albarran must understand that this Court cannot change the law nor the rules under the unsupported pretext of "manifest injustice."

11.     The motion fails to meet any of the requirements needed to move the discretion of this Court. In a motion for reconsideration, *"the moving party must either clearly establish a manifest error of law or must present newly discovered evidence."* <u>Marie v. Allied Home Mortgage Corp.</u>, 402 F.3d 1, 7 n.2 (1st Cir. 2005) (quoting <u>Pomerleau v. W. Springfield Pub. Sch.</u>, 362 F.3d 143, 146 n.2 (1st Cir. 2004)). In its second motion for reconsideration, the Mendez Albarran failed to establish a manifest error of law, newly discovered evidence, manifest injustice or an intervening change in controlling law. Consequently, the Court should find that the Mendez Albarran is not entitled to reconsideration of the order.

**WHEREFORE** we pray from this Honorable Court to deny the second motion for reconsideration, for the reasons expressed in this motion.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification, upon information and belief, of such filing to: Madeleine Llovet Otero, Esq. and Monsita Lecaroz Arribas, Esq., U.S. Trustee's Office, and Alejandro Oliveras Rivera, Esq., in addition to any and all parties registered in this case to receive CM/ECF Notices. We will serve by regular mail this document to any the above-named persons, upon knowing that they are non CM/ECF participants.

**RESPECTFULLY SUBMITTED.**

In Carolina, Puerto Rico, September 18, 2019

*Case no. 18-06035 BKT/O*
*In Re Carmen Socorro Rivera Guzman*

                                  **LEGAL PARTNERS, P.S.C.**
138 Winston Churchill Ave., PMB 316
San Juan, P.R. 00926-6023
Telephone: (787) 791-1818
Fax: (787) 791-4260

*/s/Juan M. Suárez Cobo*
**JUAN M. SUÁREZ COBO**
USDCPR 211010
suarezcobo@gmail.com

Attorney for:
Carmen Socorro Rivera Guzman