# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>**CARMEN SOCORRO RIVERA GUZMAN**<br>Social Security: xxx-xx-3608<br><br>**DEBTOR** | **CASE NO. 18-06035 BKT/O**<br><br>**CHAPTER 13** |

## OPPOSITION TO MOTION TO AMEND OR ALTER ORDER GRANTING AVOIDANCE OF LIEN

**TO THE HONORABLE COURT:**

**COMES NOW** Debtor, represented by Legal Partners, PSC., and through the undersigned attorney respectfully represents and prays as follows:

### INTRODUCTION

1. Jose Mendez Albarran and Olga Cira Fontan La Santa, herein after "Mendez Albarran," on August 14, 2019 filed, at Docket No. 93, a motion requesting reconsideration of the order entered at Docket No. 84, hereinafter "the Reconsideration" in which this Honorable Court granted Debtor's motion to avoid judicial lien[1], hereinafter "the order."

2. For the reasons that will be discussed below, this Honorable Court may not entertain Mendez Albarran's motion, as they have failed to meet the legal standard set forth by the case law within the First Circuit; no newly discovered evidence, no intervening change in law, and there is no manifest error of law or fact. Mendez Albarran continues with the undesirable practice of discussing in the reconsideration arguments that were never made

---
[1] Docket No.34.

1

*Case no. 18-06035 BKT/O*
*In Re Carmen Socorro Rivera Guzman*

in their oppositions, as if a motion for reconsideration were replies or sur replies. Thus, the reconsideration should be denied without entering into the merits of such.

3.      In the alternative, said requests should be denied because the factual arguments made are incorrect, the arguments made were waived because they are being raised for the first time in the motion for reconsideration as they were not previously brought, and since it does not adhere to the legal standards of abuse of discretion.

## PRELIMINARY DISCUSSION

4.      As a preliminary matter, we want to express our profound concern that Mendez Albarran presents arguments that have <u>no factual support,</u> in what seems to be an attempt to confuse this Honorable Court, or at the very least made with total disregard for the facts and with flagrant carelessness. Notwithstanding the reason, it is yet another practice that is highly undesirable.

5.      For the record and to express our concern, we want to bring to the attention of the Court, the incorrectness of the statements made in the second paragraph of page 2 of the reconsideration, just before the word *"SECOND:"*, in which there is NO documentary support, contrary to what is alleged, with bold supplied: "*Please note there are several IRS embargoes dated from 2017* **under the name of Debtor Carmen Socorro Rivera Guzman and 2018 under the name of Jose Arnaldo Rivera Guzman. See Exhibit A.*"

6.      This statement in plane <u>wrong</u> and may confuse the Court. We have electronically and visually checked the "title search," pages 7 through 10 of the reconsideration, and we

did not find a single instance in which the IRS liens mentioned *"Carmen Socorro Rivera Guzman"* or *"Jose Arnaldo Rivera Guzman."* As a matter of fact the "title search" provides a disclaimer or warning in ALL CAPITAL letters, specifically stating *"WE CANNOT PRECISE THAT THE TITLE HOLDER CARMEN SOCORRO RIVERA GUZMAN AND THE ENCUMBERED TAXPAYER IS THE SAME PERSON."*[2] Translation ours.

7. Also, the "title search" provides the same disclaimer or warning for Jose Arnaldo Rivera Guzman, also in ALL CAPITAL letters, specifically stating *"WE CANNOT PRECISE THAT THE TITLE HOLDER JOSE ARNALDO RIVERA GUZMAN AND THE ENCUMBERED TAXPAYER IS THE SAME PERSON."*[3]

8. *"Carmen Rivera"* and *"Jose A. Rivera"* are very common names in Puerto Rico. The last name *"Rivera"* is probably the most common in Puerto Rico. Thus, by using Debtor's second name *"Socorro"* and mother's maiden name *"Guzman*," Mendez-Albarran creates an identification with the Debtor or individualization of the person that is not present in the title search. We find it difficult to believe that this was an innocent error. Because the statement made, by Mendez Albarran, is **wrong** it may confuse the Court, and we need to immediately bring it to the Court's attention. We further submit that Mendez Albarran should at the very least explain and apologize for making wrong and careless statements.

---

[2] *"NO PODEMOS PRECISAR QUE LA TITULAR CARMEN SOCORRO RIVERA GUZMAN Y LA CONTRIBUYENTE EMBARGADA SEAN LA MISMA PERSONA."* Original Spanish text

[3] *"NO PODEMOS PRECISAR QUE LA TITULAR JOSE ARNALDO RIVERA GUZMAN Y EA CONTRIBUYENTE EMBARGADO SEAN LA MISMA PERSONA."* Original Spanish text

*Case no. 18-06035 BKT/O*
*In Re Carmen Socorro Rivera Guzman*

## DISCUSSION

9. Mendez Albarran yet again pretends to re-litigate the lien avoidance contested matter by way of a motion for reconsideration, by bringing new arguments every time a motion is filed. We have sadly become familiar with this sanctioned practice, but nonetheless Mendez Albarran continues to bring new arguments on their multiple[4] reconsideration motions, which were never brought before the Court.

10. Please note that Mendez Albarran had three (3) months and six (6) days to oppose our motion, or one hundred five (105) days[5]. Notwithstanding the ample time afforded by the Court, they fail to make and develop that they now pretend to bring via a motion for reconsideration. We are before a clear example of the untimely piecemeal litigation style that it cannot be tolerated.

> Litigation is not a game of hopscotch. It is generally accepted that a party may not, on a motion for reconsideration, advance a new argument that could (and should) have been presented prior to the district court's original ruling. E.g., DiMarco–Zappa v. Cabanillas, 238 F.3d 25, 33 (1st Cir.2001); Aybar v. Crispin–Reyes, 118 F.3d 10, 16 (1st Cir.1997). This principle has deep prudential roots. Litigants normally must frame the issues in a case before the trial court rules. After that point, a litigant should not be allowed to switch from theory to theory like a bee in search of honey. Against this backdrop, the district court scarcely can be said to have abused its discretion in refusing to reconsider its decision based on the plaintiff's newly raised argument. Cochran v. Quest Software, Inc., 328 F.3d 1, 11 (1st Cir. 2003)

---

[4] See Docket No. 72, 93 and 94.

[5] The motion to avoid lien was filed on February 18, 2019, at Docket No. 34, and the opposition was filed on June 3, 2019

4

11. It is evident that the Mendez Albarran continues to bring new argument after new argument, but never opportunely. Furthermore, the new arguments, even if they were timely brought, would fail as they are incorrect and nearly flippant.

12. The first argument brought by Mendez Albarran, is to bring to our attention, <u>for the first time</u>, that the motion filed at Docket No. 34 did not include the title search. Perhaps they failed to bring this to our attention before, **because it made no difference**, or because they had their own title search since February 12, 2019[6], pages 7 through 10 of the reconsideration. The fact remains that Mendez Albarran recorded a judicial lien over Debtor's property and we avoided it. Nothing in the title study disturbs the grounds in which the motion was brought. Even their own title search, pages 7 through 10 of the reconsideration, support the Court ruling.

13. Then Mendez Albarran, argues, also for the first time, that they were challenging our exemptions pursuant to Fed.R.Bnkr.P. 4003(d)[7]. This argument is clearly made in opposition to ¶18[8] of our reply filed at Docket No. 81. And thus, we must concede that and

---

[6] Pages 10 of the reconsideration

[7] (d) Avoidance by Debtor of Transfers of Exempt Property. A proceeding under § 522(f) to avoid a lien or other transfer of property exempt under Code shall be commenced by motion in the manner provided by Rule 9014, or by serving a chapter 12 or chapter 13 plan on the affected creditors in the manner provided by Rule 7004 for service of a summons and complaint. Notwithstanding the provisions of subdivision (b), a creditor may object to a request under §522(f) by challenging the validity of the exemption asserted to be impaired by the lien.

[8] We must begin by disputing the timeliness of the allegation, as the same is clearly late, and unwarranted under law. The time to object Debtor's exemption expired 30 days after the closing of the §341 meeting of

5

stand corrected, a creditor is entitled to challenge the exemptions as a defense to a motion to avoid lien under 522(f), that still does not justify Mendez Albarran's failure to timely bring the argument before the Court and requesting leave to sur reply. There is just not an excuse, other than a practice of bringing new arguments as part of a reconsideration.

> As we have held time and again, however, a Rule 59(e) motion *"does not provide a vehicle for a party to undo its own procedural failures"* or to *"introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment."* Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25, 426 F.3d 416, 422 (1st Cir.2005) (internal quotation marks omitted); Aybar v. Crispin–Reyes, 118 F.3d 10, 16 (1st Cir.1997) (holding that plaintiffs could not rely on a new argument in a motion for reconsideration to toll the statute of limitations). Accordingly, because QCP did not raise the discovery rule until its motion for reconsideration, *"the district court scarcely can be said to have abused its discretion in refusing to reconsider its decision based on the plaintiff's newly raised argument."* Cochran v. Quest Software, Inc., 328 F.3d 1, 11 (1st Cir.2003). Quality Cleaning Prod. R.C., Inc. v. SCA Tissue N. Am., LLC, 794 F.3d 200, 208 (1st Cir. 2015)

14.  Then, the untimely argument being made in reconsideration is that *"The latest case of Garcia V. Rushmore Loan Mgmt. as service agent of Roosevelt Cayman Asset Co No CV 17-2345(ADC) 2018 WL 4677669 does not apply in the instant case."*[9] That is an **at verbatim cite** of the complete paragraph containing the incomplete and unsupported argument. The argument is only an unsupported opinion, and we are entitled to have one. But, the unsupported litigant's opinions are nothing more than empty words. See Vasapolli,

---

creditors, held and closed on November 27, 2018. Accordingly, the claimed exemptions became final on or about December 27, 2019. To date, Debtor's claimed exemptions have not been objected. The objection to the exemption must be made in a timely manner, before the expiration of the terms provided by 4003(b)(1). Accordingly, as a matter of law the claimed exemptions are now final.

9   Third paragraph, page 3, of motion filed at Docket No. 93.

39 F.3d at 36–37 (*"Unlike the Emperor Nero, litigants cannot fiddle as Rome burns. A party who sits in silence[ ][and] withholds potentially relevant information . . . does so at his peril."*)

15.     In the same untimely fashion and for the first time, Mendez Albarran argues that she cannot avoid the totality of the lien. The fact that the Debtor is a co-owner of the property with her brothers is not new, see Mendez Albarran's motion filed at Docket No. 63, discussing the inheritance and Debtor's brothers, but again they failed to raise the argument. And now it is being made for the first time in the motion for reconsideration and accordingly should summarily fail: *"The rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment."* Id. (citing Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir.1996)). In re Vazquez, 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012)

16.     The fact that the Debtor filed her bankruptcy petition to save her home, is not new, but it was also not previously raised. And again, we fail to see what difference it makes, as filing bankruptcy to protect ones home it is probably, in our opinion, the must noble of all reasons.

> Following extensive research, this court has not found a single case in the First Circuit that holds that a Debtor filing one petition for relief in order to save their property from a public auction is grounds for a finding of bad faith. In fact, it has been this court's experience that a significant percentage of bankruptcy cases are filed as a result of a pending public auctions and foreclosures. In re Lopez, No. 15-04334, 2019 WL 2406937, at 1 (Bankr. D.P.R. June 6, 2019)

17. And yet another new argument is being made by Mendez Albarran. For unexplained reasons, they seem to believe that the Debtor increased her plan to pay more. What they fail to explain is that the plan was amended, extending the plan number of payments, to allow for the making of a settlement offer that was not fruitful. We are confident that counsel for Mendez Albarran will recall the conversations.

18. The Mendez Albarran continue to find excuses to justify their own procedural failures and now are seeking to put blame on everybody but themselves. They continue to fail to grasp the fatality of their omission.

### CONCLUSION

19. The motion fails to meet any of the requirements needed to move the discretion of this Court. In a motion for reconsideration[10], *"the moving party must either clearly establish a manifest error of law or must present newly discovered evidence."* Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n.2 (1st Cir. 2004)).

20. The rule is that Rule 59(e) motions are to be *"aimed at reconsideration, not initial consideration."* Harley-Davidson Motor Co., Inc. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990). Thus, parties should not use Rule 59(e) motions to raise arguments which could and should have been made before judgment issued. Id (quoting Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986).

---

[10] Debtor extensively borrows from In Re Santiago Vazquez, 09-01574

> Time and time again we have held that arguments not advanced before the district court are waived. Emp'r Ins. Co. of Wausau v. OneBeacon Am. Ins. Co., 744 F.3d 25, 29 (1st Cir.2014) (" 'It is a virtually ironclad rule that a party may not advance for the first time on appeal either a new argument or an old argument that depends on a new factual predicate.' ") (citing Cochran v. Quest Software, Inc., 328 F.3d 1, 11 (1st Cir.2003)). Rosaura Bldg. Corp. v. Municipality of Mayaguez, 778 F.3d 55, 63–64 (1st Cir. 2015)

21. Accordingly, Debtor respectfully requests that this Honorable Court denies the Mendez Albarran's request for reconsideration as a matter of procedural law and without entering into the merits of the motion. Movant did not comply with the procedural requirements for a motion for reconsideration, and thus, it should be denied. Any new argument brought up by the Mendez Albarran was not brought up to the court prior to its ruling and the motion for reconsideration cannot be used to raise new legal arguments *"that 'could, and should, have been made before judgment [or order was] issued."* Soto-Padró v. Public Buildings Authority, 675 F.3d 1, 9 (1st Cir. 2012). This is precisely what Movant is attempting in its request for reconsideration.

**WHEREFORE** we pray from this Honorable Court to deny the motion for reconsideration titled "Motion Requesting Reconsideration To Amend or Alter Order Granting Avoidance of Lien" filed at Docket No. 93, for the reasons expressed in this motion.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification, upon information and belief, of such filing to: Madeleine Llovet Otero, Esq. and Monsita Lecaroz Arribas, Esq., U.S. Trustee's Office, and Alejandro Oliveras Rivera, Esq., in addition to any and all parties registered in this case to receive CM/ECF Notices. We will serve by regular mail this document to any the above-named persons, upon knowing that they are non CM/ECF participants.

**RESPECTFULLY SUBMITTED.**

In Carolina, Puerto Rico, September 23, 2019

*Case no. 18-06035 BKT/O*
*In Re Carmen Socorro Rivera Guzman*

**LEGAL PARTNERS, P.S.C.**
138 Winston Churchill Ave., PMB 316
San Juan, P.R. 00926-6023
Telephone: (787) 791-1818
Fax: (787) 791-4260

*/s/Juan M. Suárez Cobo*
**JUAN M. SUÁREZ COBO**
USDCPR 211010
suarezcobo@gmail.com

Attorney for:
Carmen Socorro Rivera Guzman
