# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>**CARMEN SOCORRO RIVERA GUZMAN**<br>Social Security: xxx-xx-3608<br><br>**DEBTOR** | CASE NO. 18-06035 BKT/O<br><br>CHAPTER 13 |

## OPPOSITION TO MOTION TO DISMISS

**TO THE HONORABLE COURT:**

**COMES NOW** Debtor, represented by Legal Partners, PSC., and through the undersigned attorney respectfully represents and prays as follows:

### INTRODUCTION

1. It what seems to be an obvious item to disguise the untimeliness of all of their arguments, and in what could be described as a *Hail Mary attempt* to avoid the inevitable legal consequences of their omissions, on September 17, 2019, Jose Mendez Albarran and Olga Cira Font La Santa, herein after "Mendez Albarran," at Docket No. 104, filed a motion to dismiss, alleging in a very bewildering manner that the petition and the plan were not filed in good faith.

2. The motion to dismiss reads more like a rehashing of all the arguments previously made in multiple motions[1], but they now argue and try to reintroduce the rebuffed arguments as something they are not, a purported *"lack of good faith."* It is clear to us, that

---

[1] Docket entries 62, 63, 72, and 93

1

*Case no. 18-06035 BKT/O*
*In Re Carmen Socorro Rivera Guzman*

the Mendez Albarran will not stop in pretending to bring new motions, motion after motion after motion, with the same defeated arguments.

3. To avoid being burdensome and repetition, and to facilitate the reading of this motion, we detailed the uncontested facts in the exhibit to this motion and specifically deny the characterizations of the facts made by Mendez Albarran and deny all facts not specifically admitted. We hereby include by reference, as if fully included herein, the uncontested facts included as exhibit to this motion.

**DISCUSSION**

4. On September 17, 2019, Mendez Albarran filed the motion to dismiss, purportedly predicated in *". . . lack of good faith, and to take undue advantage of the Bankruptcy Code provisions to evade payments to its judgment creditor*[2] *. . .* " It seems, by reading this unsubstantiated argument, that Mendez Albarran opines that filing for bankruptcy, *per se,* is bad faith, and seems to suggest, in a very convoluted manner, that the only way for the Debtor in this case to avoid *"lack of good faith,"* she should have paid the debt, not litigated the state court case and not filed for bankruptcy protection. If this subsumed, but nonsensical and unsupported, argument were to prevail, all bankruptcy filings would lack good faith.

5. Also, Mendez Albarran, argues that by proposing a $500.00 payment in the plan, is an admission that the Debtor could have pay $500.00 outside the bankruptcy process, and

---

[2] Preliminary statement, page 1, Docket No. 104.

2

Case no. 18-06035 BKT/O
*In Re Carmen Socorro Rivera Guzman*

that she should have not filed for bankruptcy[3]. We must agree that the Debtor is able to pay $500.00, and that is why her plan proposes to $500 a month, and it is very important to note that she is current with the payments to the Trustee. However, we fail to understand the argument being made by movant in the context of this case. It seems that Mendez Albarran forgets that the petition was filed because Debtor was minutes away from losing her home to Mendez Albarran, which implies a lack of repayment agreement. We are flummoxed by the superficial proposition that her ability to pay $500 a month is somehow evidence of a lack of good faith. The Debtor filed her bankruptcy petition and filed a repayment Chapter 13 plan to deal with <u>all</u> her debts, including Mendez Albarran's, a debt which we do not dispute, after all is a judgment. However, because of Mendez Albarran's own fault, no proof of claim was filed, and now Mendez Albarran wants to avoid the consequences of their lack of diligence.

6. Mendez Albarran continues to suggest that the plan provides an unfair treatment to their claim. Again, a ludicrous and devoided argument. What claim? Mendez Albarran will not receive any distribution under the terms of the plan <u>because they failed to file a timely proof of claim</u>, not because the plan is proposed in bad faith.

7. It is Movant's burden to sustain arguments of bad faith, and they have failed to do so. *"[t]he moving party under [ ] § 1307(c) bears the burden of proof."* <u>In re O'Neal</u>, No. 10–22931, 2011 WL 2117017, at *6 (Bankr.D.Mass. May 23, 2011) (citation omitted).

---

[3] *"Debtor has proposed a chapter 13 plan with monthly payment of $500.00 for 48 months, with a base of $24,200.00, thus debtor is showing a healthy financial capacity which enable her to pay her secured creditor outside of the bankruptcy process."* id

3

8. Recently, in In re Lopez, No. 15-04334, 2019 WL 2406937, (Bankr. D.P.R. June 6, 2019) this Honorable Court detailed the *stare decisis* in the 1st Circuit, regarding bad faith arguments:

> Bankruptcy courts generally consider the following factors in analyzing the totality of the circumstances test to determine whether a Chapter 13 petition has been filed in bad faith: (1) the debtor's accuracy in stating her debts and expenses; (2) the debtor's honesty in the bankruptcy process, including whether he or she has attempted to mislead the court and whether he or she has made any misrepresentations; (3) whether the Bankruptcy Code is being unfairly manipulated; (4) the type of debt sought to be discharged; (5) whether the debt would be dischargeable in a Chapter 7; (6) the debtor's motivation and sincerity in seeking Chapter 13 relief; (7) the debtor's history of filings and dismissals; and (8) whether egregious behavior is present. See In re Gonzalez–Ruiz, 341 B.R. at 383: In re Cabral, 285 B.R. 563, 573 (1st Cir. BAP 2002). Lack of good faith or bad faith is atypical conduct that constitutes an abuse of the bankruptcy process. See Marrama v. Citizens Bank, 549 U.S. 365 (2007); Berliner v. Pappalardo, 674 F.3d 78, 82 (1st Cir.2012).
>
> The First Circuit has determined that, *"in all events, good faith is a concept not a construct. It is a concept that derives from equity. This matters, because equitable concepts are particularly insusceptible to per se rules."* In re Puffer, 674 F.3d 78, 81 (1st Cir. 2012). Good faith is an abstract idea generalized from particular circumstances and not a working assumption.

9. Movants cannot even begin to meet the required burden, and the only argument being made is that it filed for bankruptcy instead of paying the creditor. On the other hand, the Debtor has been an exemplary Debtor, promptly complying with all Trustee's recommendation and instructions. Movants cannot provide any single bad act by Debtor, either pre-petition or post-petition. As a matter of fact, none of the elements provided by 11 U.S.C. §1307(c) are present in this case, and Movant tries to support their argument in the catchall *"cause"* provision. Movants are basically asking the Court to blindly accept their argument without providing anything in support.

10. Debtor's disputes Mendez Albarran's characterization of Debtor's pre-filing inability to pay the debt in full. However, even if Debtor was unwilling to settle, *arguendo*, even then that does not constitute an act of bad faith: *"Likewise, a party's inability or unwillingness to settle with a creditor after a collection judgment has been obtained does not constitute fraud."* In re Lopez, id. Further, filing for bankruptcy protection to save ones home is not and act of bad faith, and Mendez Albarran has failed to provide <u>a single case</u> supporting that proposition. On the other hand, in In re Lopez, the Court took the extensive time to research First Circuit case law and found no case supporting the proposition being launched by Movant. With bold supplied:

> Following extensive research, this court has not found a single case in the First Circuit that holds that a Debtor filing one petition for relief in order to save their property from a public auction is grounds for a finding of bad faith[9]. In fact, it has been this court's experience that a significant percentage of bankruptcy cases are filed as a result of a pending public auctions and foreclosures. Likewise, Debtor's use of the Code's protections and privileges under sections 506 and 522[10] does not constitute bad faith. **It is the right of every debtor who seeks bankruptcy relief.**

11. And, the Debtor filing to save her home just prior to completing the judicial sale is not bad faith either, see *In Re Lopez*:

> Debtor's act of filing the petition on the eve of a public auction does not reflect an improper motive for seeking bankruptcy relief. A debtor may appropriately resort to chapter 13 to resolve financial difficulties caused by the debtor's own mistakes. See In re Johnson, 428 B.R. 22, 24 (Bankr.W.D.N.Y. 2010). Furthermore, "[m]any, if not most, bankruptcy petitions are filed in response to creditor enforcement efforts." In re Green, 2010 WL 396253 at *3 n.8 (Bankr.E.D.Va. Jan. 27, 2010).

## CONCLUSION

12. Mendez Albarran recklessly alleges bad faith for the Debtor filing a bankruptcy petition to save her home. The request for dismissal in completely lacking any supporting

5

case law, and interestingly enough was filed eleven months after the filing of Debtor's bankruptcy petition, after all other arguments to buffer their omission have failed. It is movant's burden to show bad faith, or lack of good faith, and they did not even make the effort to indicate how the facts alienate with acts with existing case law. Accordingly, their motion must fail, and we ask it be denied.

**WHEREFORE**, the Debtor moves this Honorable Court to deny the Mendez Albarran motion to dismiss filed at Docket No. 104, and grant such other and further relief as to the Court may deem just and proper.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification, upon information and belief, of such filing to: Madeleine Llovet Otero, Esq. and Monsita Lecaroz Arribas, Esq., U.S. Trustee's Office, and Alejandro Oliveras Rivera, Esq., in addition to any and all parties registered in this case to receive CM/ECF Notices. We will serve by regular mail this document to any the above-named persons, upon knowing that they are non CM/ECF participants.

**RESPECTFULLY SUBMITTED.**

In Carolina, Puerto Rico, November 20, 2019

**LEGAL PARTNERS, P.S.C.**
138 Winston Churchill Ave., PMB 316
San Juan, P.R. 00926-6023
Telephone: (787) 791-1818
Fax: (787) 791-4260

*/s/Juan M. Suárez Cobo*
**JUAN M. SUÁREZ COBO**
USDCPR 211010
suarezcobo@gmail.com
Attorney for:
Carmen Socorro Rivera Guzman