# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>CARMEN SOCORRO RIVERA GUZMAN<br>Social Security: xxx-xx-3608<br><br>**DEBTOR** | CASE NO. 18-06035 BKT/O<br><br>CHAPTER 13 |

### SUR REPLY TO MOTION TO DISMISS

**TO THE HONORABLE COURT:**

**COMES NOW** Debtor, represented by Legal Partners, PSC., and through the undersigned attorney respectfully represents and prays as follows:

### INTRODUCTION

1.	On September 17, 2019, Jose Mendez Albarran and Olga Cira Font La Santa, herein after "Mendez Albarran," at Docket No. 104, filed a motion to dismiss, alleging that the petition and the plan were not filed in good faith. Our opposition was filed at Docket No. 150. Mendez Albarran filed a Reply to our Opposition on January 24, 2020 at Docket No. 186.

2.	Mendez Albarran Reply at filed Docket No. 186, hereinafter "the Reply" or "the Motion" in no way addresses Debtor's opposition, and again only repeats and rehashes arguments that are **wrong** and that have been previously discarded by this Honorable Court. Despite the personal attacks made in the motion against the undersigned attorney, attacks which we disregard as words of desperation, we hereby proceed with our Sur Reply.

1

## DISCUSSION

3. ***"Secured creditor had not alleged the filing of the petition is an act of bad faith, but the petition has no valid purpose, as it does not benefit creditors nor even debtor.***" We find this candid admission at page 6 of the Reply, the first sentence of the unnumbered paragraph immediately after ¶15.

4. We respectfully submit that Mendez Albarran's admission should be sufficient to deny the motion to dismiss filed at Docket No. 104. Notwithstanding, we present the following arguments, without waiving our request for and summary denial.

5. In the introduction, at ¶3 of the motion, Mendez Albarran again makes the empty-handed argument that attorney's fees have been approved by this Honorable Court in the amount of $11,560.00, and that they will continue to accrue. And, in the same breath argues, that somehow the attorney's fees demonstrate *". . . more than an unjust and unfair treatment to this secured creditor and even to the debtor.*" We continue to be mystified by the baseless and hallow arguments continuously being made by Mendez Albarran.

6. Unfortunately, the motion continues with the same tone, trying to make an argument that the attorney's fees <u>approved</u> by this Honorable Court, somehow demonstrate Debtor's bad faith, while at the same time in the motion admits that the petition was not filed in bad faith. We are wordless . . .

7. The first thing we have to make clear is that Mendez Albarran is not a secured creditor <u>anymore</u>, see Docket No.84, in which this Honorable Court granted Debtor's

*Case no. 18-06035 BKT/O*
*In Re Carmen Socorro Rivera Guzman*

motion to avoid the judicial lien. Furthermore, this order is now final and was not appealed.

8. In addition, the only reason Mendez Albarran <u>will not receive</u> any distribution under the plan, is of their own making. They <u>failed</u> to timely file a proof of claim. They cannot avoid the consequences of their lack of diligence and carelessness. These consequences were not designed by Debtor or Debtor's attorney.

9. In addition, it is ludicrous to argue that the Debtor should stop defending her rights to the full extent of the law, or that her rights should be protected by the undersigned law firm free of charge. We will not dignify the absurdity of such an argument, and simply state that this obtuse argument was already made at page 4 of Docket No. 93, and equally discarded as part of the Court's denial of their reconsideration. See Docket No. 158.

10. However, because the attorney's fees have been attacked, we first felt compelled to answer. But after further review, we fail to see any valid argument, much less a timely valid argument. Perhaps we can summarize the arguments made in motion by one sentence provided by Mendez Albarran: *"The proposed chapter 13 plan is not filed for the benefit of creditors nor even the debtor, who has to pay excessive attorney's fees."*

11. The plan as proposed will be sufficient to pay 100% of proof of claims that were **<u>timely</u>** filed and thus allowed, and the Debtor will hopefully receive a discharge. Mendez Albarran's personal opinions, to which they are entitled, have no legal bearing in this controversy, and again are legally insufficient and empty.

3

## CONCLUSION

12. Mendez Albarran in the motion to dismiss alleges that Debtor *"lacked good faith in filing and in prosecution of this case*[1]*."* But in their reply they abandoned these arguments: ***Secured creditor had not alleged the filing of the petition is an act of bad faith, but the petition has no valid purpose, as it does not benefit creditors nor even debtor****."* Again, we find this candid admission at page 6 of the Reply, the first sentence of the unnumbered paragraph immediately after ¶15.

13. The second argument, which has no factual nor any legal support, is that *"this case has no valid purpose under the bankruptcy law*[2]*."* But, the case seeks to pay 100% of all <u>allowed</u> creditors, obtain a discharge and complete Debtor's reorganization, which included the avoidance of Mendez Albarran's judicial lien, which was granted by this Honorable Court, it was not appealed, and it is now final. Mendez Albarran's would have been paid under the terms of the plan, but they failed to timely file a proof of claim. The consequences of not filing a timely proof of claim were not designed by the Debtor. The consequences are provided by law. This Honorable Court cannot provide the remedy they seek, the late filing of a proof of claim. Thus, they seek a dismissal of the case to "reset" the time to file a proof of claim, which unfortunately for them, is not cause for dismissal, or worse, to allow them to proceed with the judicial sale of Debtor's home.

---

[1] In the "Wherefore" of Motion to dismiss filed at Docket No. 104

[2] Id.

*Case no. 18-06035 BKT/O*
*In Re Carmen Socorro Rivera Guzman*

**WHEREFORE**, the Debtor moves this Honorable Court to deny the Mendez Albarran motion to dismiss filed at Docket No. 104, and grant such other and further relief as to the Court may deem just and proper.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification, upon information and belief, of such filing to: Madeleine Llovet Otero, Esq. and Monsita Lecaroz Arribas, Esq., U.S. Trustee's Office, and Alejandro Oliveras Rivera, Esq., in addition to any and all parties registered in this case to receive CM/ECF Notices. We will serve by regular mail this document to any the above-named persons, upon knowing that they are non CM/ECF participants.

**RESPECTFULLY SUBMITTED.**

In Carolina, Puerto Rico, March 4, 2020

**LEGAL PARTNERS, P.S.C.**
138 Winston Churchill Ave., PMB 316
San Juan, P.R. 00926-6023
Telephone: (787) 791-1818
Fax: (787) 791-4260

*/s/Juan M. Suárez Cobo*
**JUAN M. SUÁREZ COBO**
USDCPR 211010
suarezcobo@gmail.com
Attorney for:
Carmen Socorro Rivera Guzman

5